UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAYS CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LIPPERT COMPONENTS, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 17-208<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT AND PATENT INFRINGEMENT**

Plaintiff, DAYS CORPORATION ("DAYS"), by its attorneys, for its Complaint against Defendant, LIPPERT COMPONENTS, INC. ("LCI"), alleges as follows:

**THE NATURE OF THE ACTION**

1.　DAYS brings this action against LCI pursuant to 28 U.S.C. §§ 2201 and 2202 for Declaratory Judgment of non-infringement and invalidity of United States Patent Numbers 6,584,385 and 6,885,924 (respectively, "the '385 Patent" and "the '924 Patent," or collectively, "the LCI Patents") under the Patent Laws of the United States, Title 35, United States Code.

2.　DAYS also brings this action against LCI pursuant to 35 U.S.C. § 271 for patent infringement by LCI of DAYS' United States Patent Number 6,619,693 ("the '693 Patent" or "the DAYS Patent").

**JURISDICTION AND VENUE**

3.　This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents), based on an actual controversy between DAYS and LCI, for which DAYS is seeking relief pursuant to the

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as well as a determination of patent infringement by LCI under the Patent Laws of the United States of America, 35 U.S.C. § 1, *et seq*.

4. This Court has personal jurisdiction over LCI because, on information and belief, LCI has a principal place of business and conducts substantial business in this District, and LCI regularly solicits business from, does business with, and derives value from goods and services provided to customers in this District. Moreover, on information and belief, LCI has committed and continues to commit acts of patent infringement in violation of 35 U.S.C. § 271, and it places infringing products into the stream of commerce, with the knowledge and understanding that such products are sold in the State of Indiana, including in this District. These acts by LCI cause injury to DAYS within this District. On information and belief, LCI derives substantial revenue from the sale of infringing products within this District, LCI expects their actions to have consequences within this District, and LCI derives substantial revenue from interstate and international commerce.

5. Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because LCI transacts business in within this District and offers for sale in this District products that infringe the '693 Patent. In addition, venue is proper because LCI's principal place of business is in this District and DAYS has suffered harm in this District. Moreover, a substantial part of the events giving rise to the claims occurred in this District.

**THE PARTIES**

6. DAYS is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 55169 CR 3 North, Elkhart, Indiana 46514. DAYS was founded in 1913 as a drayage (goods) delivery service and it has been operating in

2

Elkhart, Indiana for more than 100 years. Since its inception, DAYS has developed a longstanding tradition of quality service and innovation in diverse business sectors, including warehousing, machinery moving, distribution, logistics, export packing, electrical systems for industrial and commercial operations, and leveling systems. The manufacture and sales of vehicle leveling systems is a primary aspect of DAYS' business.

7.      On information and belief, Defendant LCI is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 3501 County Road 6 East, Elkhart, Indiana 46514.

8.      On information and belief, LCI is a wholly-owned subsidiary of LCI Industries (formerly Drew Industries Incorporated), which is a publicly-traded company.

9.      On information and belief, LCI sells products in a broad range of categories that include towing, leveling, awnings, chassis, axles, slide-outs, storage, waste management, electronics, windows, doors, mattresses, furniture plastics, and e-coating.

10.     On information and belief, LCI operates 48 facilities throughout the United States, Canada, and Italy, and it employs more than 7,500 people.

11.     On information and belief, LCI sells vehicle leveling systems that compete with DAYS' vehicle leveling system products in the same markets.

12.     DAYS and LCI operate in the recreational vehicle ("RV") industry.

13.     DAYS and LCI are purveyors of competing systems designed to level a vehicle that is, by way of non-limiting example, situated on uneven terrain causing the vehicle to be oriented on an undesirable plane. The DAYS Patent describes and claims such a system, and the LCI Patents purportedly describe competing systems.

14.     DAYS is filing this lawsuit for the purposes of: (i) clarifying DAYS' rights by

obtaining a declaratory judgment from this Court of non-infringement of the LCI Patents by DAYS and invalidity of the LCI Patents; and (ii) protecting DAYS' rights by obtaining a patent infringement judgment against LCI from this Court that puts an end to LCI's infringement of the DAYS Patent.

## THE PATENTS-IN-SUIT

15. Innovative Design Solutions, Inc. ("IDS") is the listed assignee of record for the '385 Patent, entitled "Vehicle Leveling Assembly," which was issued to Robert M. Ford et al. on June 24, 2003.

16. On information and belief, LCI's parent company, LCI Industries, acquired IDS in 2014. A copy of the '385 Patent is attached hereto as **Exhibit A**.

17. Innovative Design Solutions, Inc. ("IDS") is the listed assignee of record for the '924 Patent, entitled "Vehicle Attitude Adjustment Assembly," which was issued to Robert M. Ford et al. on April 26, 2005.

18. On information and belief, LCI's parent company, LCI Industries, acquired IDS in 2014. A copy of the '924 Patent is attached hereto as **Exhibit B**.

19. On September 16, 2003, the United States Patent and Trademark Office duly and legally issued the '693 Patent. DAYS is the assignee of all right, title, and interest in the '693 Patent. A copy of the '693 Patent is attached hereto as **Exhibit C**.

20. Claim 13 of the '693 Patent recites:

> An apparatus for automatically leveling a vehicle, comprising:
> 
> a plurality of legs each of which is mounted to the vehicle;
> 
> wherein each of the legs is movable between a retracted stowed position and an extended use position; and

4

wherein each of the legs is moved to the retracted stowed position to allow the vehicle to travel and each of the legs is moved to the extended use position to engage a ground surface prior to leveling the vehicle;

a sensor mounted to the vehicle to sense pitch and roll of the vehicle relative to a reference level plane;

wherein the sensor produces an orientation signal representing the vehicle pitch and roll; and

a controller coupled to each of the legs and the sensor;

wherein the controller monitors the orientation signal received from the sensor and in response to that signal the controller actuates at least one of the legs to move the vehicle relative to the ground surface until the orientation of the vehicle reaches the reference level plane within a tolerance; and

wherein the controller includes a memory for storing data corresponding to the reference level plane and is configured to write data representing an orientation signal to the memory to replace the reference level plane data with orientation signal data.

**LCI's Unfounded Assertions of Patent Infringement by DAYS**

21. On September 19, 2016, LCI sent a notice email (the "LCI Notice Email") to DAYS alleging infringement of the '385 Patent and the '924 Patent by DAYS in view of DAYS' Auto-Level hydraulic leveling system (the "Auto-Level System"). A copy of the LCI Notice Email is attached hereto as **Exhibit D**.

22. The Auto-Level System is manufactured by the Equalizer Systems division of DAYS.

23. On December 5, 2016, after a series of emailed exchanges between LCI and

5

DAYS, LCI, by and through its attorneys, provided to DAYS claim charts (the "LCI Claim Charts") further detailing LCI's position. A copy of the LCI Claim Charts is attached hereto as **Exhibit E**.

24. In the LCI Claim Charts, LCI asserted infringement of claims 1, 14, 15, 26, 29, 34, and 35 of the '385 Patent and claims 1, 5, 18-20 of the '924 Patent.

25. On January 20, 2017, after a series of email exchanges between LCI and DAYS, DAYS analyzed the LCI Claim Charts and responded, by and through its attorneys, with assertions of non-infringement and invalidity with respect to both of the '385 Patent and the '924 Patent ("the DAYS Response"). A copy of the DAYS Response is attached hereto as **Exhibit F**.

26. On February 17, 2017, LCI responded ("the LCI Reply") to reiterate its position of infringement by DAYS. A copy of the LCI Reply is attached hereto as **Exhibit G**.

## LCI's Infringement of the '693 Patent

27. DAYS has protected its innovative products, including its vehicle leveling systems, through a range of intellectual property rights, including the '693 Patent.

28. DAYS has been manufacturing, using, selling, and offering for sale its Auto-Level System since at least as early as 2000.

29. DAYS' Auto-Level System is covered by one or more claims of the '693 Patent, and DAYS has marked its Auto-Level System with the '693 Patent number in accordance with 35 U.S.C. § 287 since at least as early as December 31, 2003.

30. On information and belief, LCI manufactures, uses, sells, and offers for sale vehicle leveling systems that infringe one or more claims of the '693 Patent, including, but not limited to, LCI's auto level systems for motor homes.

31. In support of DAYS' assertions of infringement, it provides a Declaration of

Jason Loose ("Loose Declaration") at **Exhibit H**. Mr. Loose is the Division Manager of Days' Equalizer Systems Division.

32. As set forth in the Loose Declaration, Mr. Loose has personal knowledge of the automatic level controllers used by LCI in its auto level systems for motor homes, including how they operate in connection with the LCI auto level systems. At least one or more claims of the '693 Patent reads on LCI's auto level systems.

33. In view of reasonable due diligence, including the Loose Declaration, DAYS alleges plausible grounds for patent infringement by LCI and a reasonable expectation that discovery will reveal additional evidence to prove the infringement.

### COUNT I
### Declaratory Judgment of Non-Infringement by
### DAYS of the '385 Patent

34. Paragraphs 1-33 are incorporated herein as set forth above.

35. LCI's communication of the LCI Notice Email, the LCI Claim Charts, and the LCI Reply to DAYS has created a reasonable apprehension on the part of DAYS that it will be subjected to a lawsuit based upon patent infringement if it continues to manufacture, use, sell, and/or offer for sale its Auto-Level System.

36. As a result of LCI's allegations, an actual and justiciable case or controversy exists between DAYS and LCI regarding the alleged infringement of the '385 Patent by DAYS.

37. The manufacture, use, sale, and/or offer for sale of DAYS' Auto-Level System has not infringed, does not infringe, and will not infringe, whether directly or indirectly, any valid claim of the '385 Patent, either literally or under the doctrine of equivalents, at least because:

    a. The Auto-Level System dual axis accelerometer (sensor) is not designed

        for or capable of being located anywhere in a vehicle, as required by claim 1;

    b. The Auto-Level System controller is not configured to select between different grounding procedures, as required by claim 14; and

    c. The Auto-Level System controller is not programmed to include a zero mode, nor does the System provide an attitude indicator, as required by claim 26.

38. Therefore, DAYS is entitled to a judgment declaring that it does not infringe any valid claims of the '385 Patent.

## COUNT II
### Declaratory Judgment of Non-Infringement by DAYS of the '924 Patent

39. Paragraphs 1-33 are incorporated herein as set forth above.

40. LCI's communication of the LCI Notice Email, the LCI Claim Charts, and the LCI Response to DAYS has created a reasonable apprehension on the part of DAYS that it will be subjected to a lawsuit based upon patent infringement if it continues to manufacture, use, sell, and/or offer for sale its Auto-Level System.

41. As a result of LCI's allegations, an actual and justiciable case or controversy exists between DAYS and LCI regarding the alleged infringement of the '924 Patent by DAYS.

42. The manufacture, use, sale, and/or offer for sale of DAYS' Auto-Level System has not infringed, does not infringe, and will not infringe, whether directly or indirectly, any valid claim of the '924 Patent, either literally or under the doctrine of equivalents, at least because:

    a. The Auto-Level System controller is not configured to command

                movement of a structure into an attitude where tilt sensor signals match any one of a number of different pre-set reference values corresponding to different desired attitudes of the structure, as required by claim 1;

      b.      The Auto-Level System controller is not configured to command movement of a structure into an attitude where tilt sensor signals match any one of a number of different pre-set reference values corresponding to different desired attitudes of the structure, as required by claim 5;

      c.      The Auto-Level System controller does not have a reference value selector connected to a controller, the controller being configured to select between pre-set reference values in response to inputs received from the reference value selector, as required by claim 5; and

      d.      The Auto-Level System controller cannot store a first set of signal values and a second set of signal values for reference by the controller when such values are selected in future attitude correction operations, as required by claims 18, 19, and 20.

43.      Therefore, DAYS is entitled to a judgment declaring that it does not infringe any valid claims of the '924 Patent.

## COUNT III
### Declaratory Judgment of Invalidity of the '385 Patent

44.      Paragraphs 1-33 are incorporated herein as set forth above.

45.      One or more claims of the '385 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103, because of at least United States

9

Patent No. 5,580,095 to Fukumoto, United States Patent No. 5,934,409 to Citron, United States Patent No. 4,433,849 to Ohmori, "Dual Axis, Low g, Fully Integrated Accelerometers" by Harvey Weinberg (Analog Dialog 33-1, January 1999), and confidential information owned by DAYS that qualifies as prior art under 35 U.S.C. § 102(g).

46. Therefore, DAYS is entitled to a judgment declaring that one or more claims of the '385 Patent is invalid.

## COUNT IV
## Declaratory Judgment of Invalidity of the '924 Patent

47. Paragraphs 1-33 are incorporated herein as set forth above.

48. One or more claims of the '924 are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103, because of at least United States Patent No. 5,580,095 to Fukumoto, United States Patent No. 5,934,409 to Citron, United States Patent No. 4,433,849 to Ohmori, "Dual Axis, Low g, Fully Integrated Accelerometers" by Harvey Weinberg (Analog Dialog 33-1, January 1999), and confidential information owned by DAYS that qualifies as prior art under 35 U.S.C. § 102(g).

49. Therefore, DAYS is entitled to a judgment declaring that one or more claims of the '924 Patent is invalid.

## COUNT V
## Infringement by LCI of the '693 Patent

50. Paragraphs 1-33 are incorporated herein as set forth above.

51. LCI manufactures, uses, sells, and offers for sale certain vehicle leveling systems, including, but not limited to, auto level systems for motor homes (the "LCI System").

52. The LCI System will automatically level a vehicle, such as a motor home. The

LCI System comprises either four or six legs mounted to the vehicle. Each of the legs can be moved between a retracted, stowed position and an extended use position. When the vehicle is traveling, each of the legs is in the retracted, stowed position.

53. When the vehicle is parked, each of the legs can be extended to the extended use position to engage a ground surface.

54. The LCI System has a sensor mounted to the vehicle which senses the pitch and roll of the vehicle relative to a level plane.

55. The sensor sends an orientation signal representing the pitch and roll to a controller. The controller monitors that signal and actuates one or more of the legs to move the vehicle relative to the ground surface until the vehicle reaches a reference level plane (i.e., is level).

56. The controller includes memory for storing the reference level plane. The controller writes data representing the orientation signal to the memory to replace the reference level plane data with the orientation signal data.

57. LCI does not have a license or permission to practice the claimed subject matter in the '693 Patent.

58. LCI has directly infringed and continues to directly infringe the '693 Patent, literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a), but making, using, selling, and offering for sale the Level Up Towable RV Leveling System.

59. DAYS has been injured and has been caused significant financial damage as a direct and proximate result of LCI's infringement of the '693 Patent.

60. DAYS is entitled to recover from LCI damages sustained by DAYS as a result of LCI's wrongful acts in an amount subject to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, DAYS CORPORATION requests the following relief individually, cumulatively, and/or alternatively:

A. A declaratory judgment that DAYS does not infringe any asserted and valid claim of the '385 Patent;

B. A declaratory judgment that DAYS does not infringe any asserted and valid claim of the '924 Patent;

C. A declaratory judgement that the asserted claims of the '385 Patent are invalid under 35 U.S.C. §1, *et seq.*;

D. A declaratory judgement that the asserted claims of the '924 Patent are invalid under 35 U.S.C. §1, *et seq.*;

E. A judgment that LCI has directly infringed, either literally or under the doctrine of equivalents, one or more claims of the '693 Patent;

F. An order and judgment preliminarily and permanently enjoining LCI and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns from further acts of infringement of the '693 Patent;

G. A judgment awarding DAYS all damages adequate to compensate it for LCI's infringement of the '693 Patent, and in no event less than a reasonable royalty for LCI's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

H. A judgment awarding DAYS all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 289 together with

prejudgment interest;

I. A judgment awarding actual damages suffered by DAYS as a result of LCI's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law; and

J. A judgment entering such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DAYS hereby demands trial by jury on all issues raised by the Complaint.

Dated March 10, 2017                                    Respectfully submitted,

DAYS CORPORATION


/s/ Eric Dorkin
Eric Dorkin
CLARK HILL PLC
130 E. Randolph St., Suite 3900.
Chicago, Illinois 60601
tel (312) 985-5900
fax (312) 985-5999
edorkin@clarkhill.com
*Attorneys for Plaintiff, Days Corporation*

## Index of Exhibits

A. United States Patent No. 6,584,385

B. United States Patent No. 6,885,924

C. United States Patent Number 6,619,693

D. September 19, 2016, LCI Notice Email

E. LCI Claims Charts

F. January 20, 2017 DAYS Response

G. February 17, 2017 LCI Reply

H. Declaration of Jason Loose