UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAYS CORPORATION, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:17-cv-208-PPS-MGG |
| LIPPERT COMPONENTS, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**OPINION AND ORDER**

On February 8, 2018, Plaintiff, Days Corporation, moved this Court to strike Defendants' expert witness report and bar their expert witness, Dr. Massoud S. Tavakoli, from testifying at the upcoming claim-construction hearing. Plaintiff so moves the Court because it believes that a violation of the Local Patent Rules make the designation of the expert untimely, and that overall the expert report does not comply with Fed. R. Civ. P. 26. For the reasons stated below, this Court **DENIES** Plaintiff's motion to bar the expert testimony and **ORDERS** discovery reopened for the limited purpose of allowing Plaintiff to depose Defendants' expert witness. Additionally, Defendants' are **ORDERED** to amend their expert report to include Dr. Tavaloki's complete list of authored publications and his history testifying as an expert witness at trial during the past four years.

**I.    INTRODUCTION**

On March 10, 2017, Plaintiff filed this patent action seeking a declaratory judgment of non-infringement and invalidity of two of Defendants' patents. On May 1, 2017, Defendants sued Plaintiff for patent infringement.  The two law suits were consolidated into this single suit

pursuant to Fed. R. Civ. P. 42, on June 9, 2017. [DE 33]. Consistent with the Local Patent Rules, the parties initiated the claim-construction process, which is designed to clearly establish the claims at issue early in the litigation. As required by Local Patent Rule 4-1(b), the parties exchanged Preliminary Claim Constructions and Evidence on November 16, 2017. In its Preliminary Claim Constructions, Defendants stated that they "may rely on the expert testimony of Defendants' technical expert as extrinsic evidence to support Defendants' proposed constructions." [DE 67-1 at 3]. Defendants did not identify any particular expert or disclose an expert report to Plaintiff in its Preliminary Claim Constructions.

On December 11, 2017, however, Defendants' counsel, via email, notified Plaintiff that they "may present an expert for [support in construing] the sole term 'analog signal.'" [DE 66-1 at 27]. Defendants further stated that if there were to present an expert, they would "let [Plaintiff's counsel] know in the morning and provide the necessary report." [DE 66-1 at 27]. The following day, which was also the deadline for the parties' to file their Joint Claim Construction and Prehearing Statement ("Joint Statement") under Local Patent Rule 4-1(c), Defendants submitted the expert report by Dr. Massoud Tavakoli along with the Joint Statement. In a notation at the end of the Joint Statement, Plaintiff objected to the inclusion of Dr. Tavakoli and his expert report. [DE 57 at 10].

After objecting to Defendants' inclusion of the expert report, Plaintiff moved this Court to strike the report and bar Dr. Tavakoli from testifying at the April 25, 2018, claim-construction hearing. Plaintiff contends that Defendants' expert report is both untimely under the Local Patent Rules and incomplete in violation of the Federal Rules of Civil Procedure. In support, Plaintiff first argues that L.P.R. 4-1(b) requires disclosure of expert testimony when preliminary claim constructions are exchanged. As such, Plaintiff contends that Defendants' expert disclosures in

this case were due on November 16, 2017, in their Preliminary Claim Constructions—making Defendants' identification of Dr. Tavakoli on December 12, 2017, in the Joint Statement untimely. Second, Plaintiff argues that the expert report is deficient under Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v) because it neither lists Dr. Tavakoli's complete publication history nor discloses a complete list of the times he has served as a expert at trial in the past four years.

Defendants, on the other hand, argue that their disclosure was timely because L.P.R. 4-1(b) requires only the designation of expert testimony and not disclosure of the identity of the expert witness along with the Preliminary Claim Constructions. Defendants further contend that claim-construction expert disclosures are due when the Joint Statement is filed pursuant to L.P.R. 4-1(c). Additionally, Defendants claim that Plaintiff's reliance on Fed. R. Civ. P. 26 is misplaced because the Local Patent Rules govern the claim-construction process and L.P.R. 4-1(c) does not require compliance with all of the requirements of Rule 26. In the alternative, Defendants argue that if Rule 26 does apply, their failure to include Dr. Tavakoli's publication and trial history was not unjustified or harmful, thus not warranting exclusion at the claim-construction hearing.

## II. APPLICABLE LAW

While no court has interpreted this District's Local Patent Rules, the Court notes that interpretation of any district's local patent rules are governed by the law of the Federal Circuit and not the regional circuit where the trial court sits. *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). By contrast, a court applies the law of its regional circuit when interpreting or applying non-patent law rules. *Id.* Additionally, local patent rules must comply with the Federal Rules of Civil Procedure and may not "unduly limit[] discovery in patent cases." *Id.* at 1365. The broad discovery allowed under Fed. R. Civ. P. 26

3

should not be hindered by any local rules, especially given how important discovery is to the resolution of claims in complex patent cases. *Id.*

At issue in this case are the local rules governing the claim-construction phase of a patent action. Parties must comply with the District's Local Patent Rules and the Court may not depart from these rules unless exceptional circumstances exist. N.D. Ind. L.P.R. 1-1(a), (c). First, the parties differ in their interpretation of which subpart of Local Patent Rule 4-1 governs the timing of expert disclosures for claim-construction. Local Patent Rule 4-1(b)(2) states: "When the parties exchange their preliminary claim constructions, they must also identify all references from the specification or prosecution history that support its construction and *designate any supporting extrinsic evidence* including . . . testimony of percipient and *expert witnesses*." (emphasis added). Local Patent Rule 4-1(c)(4), however, states that the parties' joint claim-construction and prehearing statement

> must address the disputed terms and contain the following information[, including among other things, if] witnesses are to be called at the claim-construction hearing, *the identity of each such witness,* . . . and . . . a summary of his or her testimony including . . . *a report containing the expert's claim-construction opinions and the reasons for them*.

(emphasis added).

Second, the parties disagree as to the extent Fed. R. Civ. P. 26(a)(2) governs the use of retained experts in the claim-construction process. Under Fed. R. Civ. P. 26(a)(2)(B), retained experts must provide a written report that contains

    (i)      a complete statement of all opinions the witness will express and the basis and reasons for them;
    (ii)     the facts or data considered by the witness in forming them;
    (iii)    any exhibits that will be used to summarize or support them;
    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;
    (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Here, Plaintiff challenges Dr. Tavakoli's report as insufficient because it lacks a list of his publications and a list of his previous expert testimony experiences as required under Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v).

Based on this alleged violation of Fed. R. Civ. P. 26(a)(2)(B), Plaintiff asks the Court to sanction Defendants by barring Dr. Tavakoli's testimony at the claim-construction hearing and striking his expert report from the record. When a party violates Rule 26, a court should not sanction the party unless the court first finds that the failure to comply was "both unjustified and harmful to the opposing party." *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000). Whether a violation of Rule 26 is both unjustified and harmful is left to the broad reasonable discretion of the trial court. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 515 (7th Cir. 2011). If the court determines that a violation of Rule 26 is both unjustified and harmful, then the court may prohibit the use of the evidence at trial or a hearing. *See* Fed. R. Civ. P. 37(c)(1).

### III. ANALYSIS

#### A. The Local Patent Rules

In opposing Defendants' expert witness and expert report, Plaintiff argues that L.P.R. 4-1(b) requires parties to "designate" expert testimony in their preliminary claim constructions. Plaintiff contends that such "designation" includes identification of the expert and disclosure of an expert report. Defendants, however, contend that under L.P.R. 4-1(c), the expert's identity and report need not be disclosed before the parties file their Joint Statement. Both parties interpret the Local Patent Rules without the guidance of any case law interpreting them. The Court, however, is guided by the Federal Circuit's requirement that the local rules be interpreted in a manner that is both consistent with the letter and purposes of the Federal Rules of Civil

Procedure. *See O2 Micro*, 467 F.3d at 1365. One of the primary purposes of the Federal Rules of Civil Procedure was to shift away from reliance on pleadings to resolve disputes and instead create a broad discovery-based regime that is better able to identify the precise issues in dispute. *Id.* at 1366.

Despite Plaintiff's arguments to the contrary, Defendants' reading of L.P.R. 4-1(b)–(c) provides a better interpretation of the Local Patent Rules. First, Defendants' interpretation is consistent with the plain meaning of the word "designate" in L.P.R. 4-1(b)(2). According to Merriam-Webster, the word "designate" means "to indicate or set apart for a specific purpose, office or duty." *Designate*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/designate (last visited March 5, 2018). Defendants did in fact indicate—or designate—in their timely Preliminary Claim Constructions on November 16, 2017, that they would likely rely upon expert testimony for the purpose of supporting some of their proposed claim constructions. Later, Defendants then complied with L.P.R. 4-1(c)(4) by identifying the expert by name and disclosing a copy of his expert report on the date the Joint Statement was due. Therefore, Defendants complied with the plain-language meaning of both L.P.R. 4-1(b) and L.P.R. 4-1(c).

Second, Defendants' interpretation of L.P.R. 4-1(b)–(c) does not violate the spirit of the Local Patent Rules. Local patent rules are established to "require parties to crystallize their theories of the case early in the litigation" and thus prevent a "shifting sands" approach to claim-construction. *O2 Micro*, 467 F.3d at 1364 (quoting *Amtel Corp. v. Info. Storage Devices, Inc.*, No. C 95-1987 FMS, 1998 WL 775115, at *2 (N.D. Cal. Nov. 5, 1998)). Here, Plaintiff knew as early as November 16, 2017, that Defendants expected to rely upon expert testimony such that it could prepare any additional discovery accordingly. With such notice, Defendants complied with

6

L.P.R. 4-1(b) and Plaintiff cannot be prejudiced by Defendants' approach to expert disclosure. Indeed, Defendants cannot be said to have utilized "hide-the-ball" tactics as Plaintiff alleges.

Additionally, Defendants' interpretation of the Local Patent Rules regarding expert disclosure is not in conflict with the Federal Rules of Civil Procedure. As noted, one important purpose of the modern civil procedure rules is to facilitate broad discovery so that claims and issues are precise and can be resolved on the merits. [O2 Micro, 467 F.3d at 1366](). Here, Defendants' interpretation furthers the goals of broad discovery by allowing parties early in the litigation to identify the use of an expert for claim-construction, with actual disclosure of the expert's identity and report following soon after with the Joint Statement. This interpretation neither violates the Federal Rules of Civil Procedure directly, nor the purpose of these rules.

Finally, Defendants' counsel notified Plaintiff's counsel, by email, that he was planning to present an expert to construe the term "analog signal", and that he would advise opposing counsel in the morning. [[DE 66-1 at 27]()]. Plaintiff did not object to this procedure until after the fact, *i.e.*, until after the Joint Statement was filed. Assuming Plaintiff objected to Defendants' request to provide the expert's name on the next morning, Plaintiff should have immediately objected by return email so that Defendants' counsel could have sought leave of court to designate their expert.

By contrast, Plaintiff's interpretation of the rule is flawed in two main ways. First, Plaintiff's interpretation would render the language of L.P.R. 4-1(c) superfluous because its reading of L.P.R. 4-1(b) accomplishes what the plain-language of L.P.R. 4-1(c) already commands. In other words, applying Plaintiff's interpretation of L.P.R. 4-1 would render L.P.R. 4-1(c) moot because expert disclosure would be completed during the Preliminary Claim Constructions before the parties' Joint Statement would be due.

Second, Plaintiff contends that it would be prejudiced by Defendants' interpretation of the L.P.R. 4-1 because it could not call its own expert to rebut Dr. Tavakoli. Plaintiff, essentially contends that interpreting the rules to require disclosure of the identity of the expert at the date of the Joint Statement would not give it enough time to identify and call its own expert witness. The Court notes, however, that Plaintiff would be precluded from calling its own expert to rebut Defendants' disclosed expert even if the Court applied its own interpretation of L.P.R. 4-1. Plaintiff did not identify any expert witness of its own in its Preliminary Claim Constructions on November 16, 2017. Thus, even if Defendant had complied with Plaintiff's interpretation, Plaintiff could not overcome any resulting prejudice because it could still not call a rebuttal witness. Plaintiff's interpretation of L.P.R. 4-1 therefore is problematic as it does not remedy the disadvantage that Plaintiff asserts arises from Defendants' allegedly untimely expert disclosure, is at odds with interpreting the Local Patent Rules as a whole, and is inconsistent with the plain-meaning of the L.P.R. 4-1(b)'s language.

### B. Rule 26

Given that Defendants' expert evidence is not barred by the Local Patent Rules, the Court must now assess Plaintiff's additional contention that the evidence is still nonetheless barred by Fed. R. Civ. P. 26. Specifically, Plaintiff moves this Court to strike the expert report and bar Dr. Tavakoli from testifying at the claim-construction hearing because Defendants' have not complied with Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v). Defendants do not contest that their report does not include information that Rule 26 requires. Defendants instead put forth two arguments to excuse this failing. The Court will now address each of these arguments.

### 1. Defendants' Compliance with Local Rules Did Not Excuse Non-Compliance with Rule 26

Defendants' first argument is that they were exempt from complying with Rule 26 because it followed the requirements of the L.P.R. 4-1(c), which makes no reference to the publication list and list of other cases omitted from Dr. Tavakoli's report. The Court does not find this argument persuasive. While parties are required to follow the Local Patent Rules, the Rules are to be read consistently with the Federal Rules of Civil Procedure. *See O2 Micro*, 467 F.3d at 1364. In fulfilling their obligation to follow the Local Patent Rules, parties must still ensure that they are compliant with the Federal Rules of Civil Procedure, which apply to "all civil actions and proceedings in the United States district courts." Fed. R. Civ. P. 1. While Defendants argue that L.P.R. 4-1(c)(4) only applies to claim-construction proceedings, the Federal Rules by their plain-language apply to "all proceedings" unless exempted by Rule 81. Fed. R. Civ. P. 81. Rule 81 includes no exemption for claim-construction proceedings or any patent matter. *Id.* Furthermore, reading the Local Patent Rules as superseding Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v) would violate the law of the Federal Circuit and the purpose of the Federal Rules of Civil Procedure. The Court, therefore, declines to adopt Defendants' problematic interpretation of L.P.R. 4-1(c) and continues to their alternative argument.

### 2. Defendants' Failure to Comply Was Not Unjustified Nor Harmful

In the alternative, Defendants argue that their failure to comply with Rule 26(a)(2)(B) does not warrant a Rule 37 sanction because their omission was justified and harmless. While L.P.R. 4-1(c) does not govern the contents of the expert report, compliance with the Rule is not wholly irrelevant. Indeed, Defendants made a good faith effort to comply with the Local Patent Rules in disclosing their expert report when the parties' Joint Statement was filed. In attempting to follow that rule, Defendants erred by failing to include Dr. Tavakoli's publication list and list

of cases—an error of law in an area with admittedly little guidance—which resulted in their failure to comply with a different, yet equally applicable, rule. Defendants' honest confusion explains why they violated Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v) sufficiently such that the Court cannot say Defendants' violation was unjustified.

Moreover, any harm Plaintiff may have suffered as the result of Defendants' violation of Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v) can be meaningfully remedied by this Court. Applying Plaintiff's own interpretation of L.P.R. 4-1, the parties' cut-off date for identifying an expert would have been November 16, 2017—the deadline for the exchange of preliminary claim constructions. On that date, however, Plaintiff did not identify any expert, nor did it designate any intention to use expert testimony. As discussed above, Plaintiff's lack of expert designation precludes it from presenting any expert testimony at the claim-construction hearing no matter if Defendants' expert is barred or not. Moreover, Plaintiff is on notice of Dr. Tavakoli's substantive opinions even if some of his professional background information was missing from his original report. Therefore, the Court agrees that Plaintiff, as the technically aggrieved party here, should not be responsible for remedying a violation of the rules by its opponents. However, the technical prejudice suffered because of Defendants' omission can easily be corrected now if Defendants are ordered to amend Dr. Tavakoli's report to include the omitted publication list and list of cases.

Moreover, this conclusion is consistent with an analysis of the factors, identified by Plaintiff, that should guide the Court's discretion in this area. When assessing whether a party's failure to comply with Rule 26 was substantially justified and is harmless, a court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) the bad

faith or willfulness involved in not disclosing the evidence earlier." *Kaiser v. Johnson & Johnson*, CAUSE NO. 2:17-CV-114-PPS-JEM, 2017 WL 5414182, at *2 (N.D. Ind. Nov. 13, 2017) (quoting *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012)). While Plaintiff has characterized Defendants' disclosure as calculated to avoid rebuttal, the Court is not persuaded that any such bad faith has occurred.

Putting aside that Plaintiff has not augmented the record with any evidence of bad faith, Plaintiff's own legal theories demonstrate that this was not a calculated unfair tactic. Under Plaintiff's interpretation of L.P.R. 4-1, the identity of Defendants' expert, along with the accompanying expert report, was due on November 16, 2017. Yet, even if a fully compliant Rule 26(a)(2)(B) expert report had been presented on this date, Plaintiff would be in the exact same predicament. As Plaintiff failed to designate any expert witness testimony as part of their own Preliminary Claim Constructions, Defendants' expert witness would still go unrebutted. For these same reasons, the Court also finds no surprise or prejudice. Defendant can also quickly remedy their violation by providing the list of publication and trial history. As a further remedy to the violation, the Court can re-open claim-construction discovery so that Plaintiff can depose Dr. Tavakoli—the only option Plaintiff would have had to rebut Dr. Tavakoli because of its own decision not to designate any expert testimony. Lastly, the Court does not believe that this result will disrupt the hearing on April 25, 2018, as the Plaintiff will have access to the missing information quickly and the Court can set a reasonable deadline for Dr. Tavakoli's deposition that will leave Plaintiff sufficient time to prepare for the hearing.

As a final matter, the Court notes that it is not requiring Plaintiff, in deposing Defendants' expert, to remedy a violation of the rules by the opposing side in this litigation. Instead, the Court is complying the with the liberal discovery rules so that the best result can be

<mark>11</mark>

reached on the merits at the claim-construction hearing. Plaintiff could have deposed Dr. Tavakoli, regardless of his incomplete expert report, because that was the only means by which the Plaintiff could introduce rebuttal evidence at the hearing. The limited re-opening of discovery for Plaintiff to take this deposition is not to remedy Defendants' failure to comply, but instead is in the spirit of the broad discovery rules to create a full record and to provide Plaintiff the opportunity to depose a witness that it mistakenly did not depose during discovery due to its belief that he should be barred from testifying during the hearing.

Therefore, Defendants' violation of Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v) was substantially justified and harmless such that barring Dr. Tavakoli's testimony at the upcoming claim-construction hearing is not warranted.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to strike the expert report from evidence and bar the expert from testifying at the claim-construction hearing is **DENIED**. [DE 65]. The Court **ORDERS** Defendants to amend Dr. Tavakoli's expert report to include all material required by Fed. R. Civ. P. 26(a)(2)(B)(iv)–(v) and to disclose it to Plaintiff by **March 9, 2018**. The Court also **REOPENS** claim-construction discovery for the limited purpose of allowing Plaintiff to depose Dr. Tavakoli no later than **March 28, 2018**.

SO ORDERED.

Dated this 6th day of March 2018.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge