UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DAYS CORPORATION, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. 3:17CV208-PPS/MGG |
| LIPPERT COMPONENTS, INC. and INNOVATIVE DESIGN SOLUTIONS, INC., | ) | |
| Defendants. | ) | |

_consolidated with_

| INNOVATIVE DESIGN SOLUTIONS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. 3:17CV327-PPS/MGG |
| DAYS CORPORATION, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Our Local Patent Rule 3-1 requires the parties to exchange, fairly early on in the litigation, preliminary infringement contentions and then preliminary invalidity contentions. Each of these disclosures is required to include a chart identifying the patent claims at issue, and providing certain information about what is alleged in terms of patent infringement or invalidity. Under N.D. Ind. L.P.R. 3-1(e) governing preliminary invalidity contentions, the chart is required to identify "each item of prior art that anticipates or renders each claim obvious," and then provide additional

prescribed detail fleshing out the party's position on anticipation or obviousness based on the identified prior art.

Later in the litigation, after claim construction, the parties are required by L.P.R. 5-1 to exchange final infringement contentions and final invalidity contentions. The dispute now before the court concerns the fairness of Days Corporation's final invalidity contentions, with opponents Lippert Components and Innovative Design Solutions invoking L.P.R. 5-1(b)(3)'s limitation on changes between the preliminary and final versions. That provision (with my emphases in bold) reads:

> **Amendments.** If the final invalidity contentions identify additional prior art, the amendment must be supported by good cause (e.g., discovery of previously undiscovered information or an **unanticipated claim-construction ruling**) and the accused infringer must include a separate statement providing the **specific grounds establishing good cause** for the amendment.

The motion of Lippert and IDS is made under L.P.R. 5-1(b)(4), which allows that "[t]he party asserting infringement may seek to exclude the amendment on grounds that good cause does not exist."

The Federal Circuit defers to district courts "when interpreting and enforcing local rules so as not to frustrate local attempts to manage patent cases according to prescribed guidelines." *Howmedica Osteonics Corp. v. Zimmer, Inc.*, 822 F.3d at 1312, 1324 (Fed.Cir. 2016), quoting *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed.Cir. 2002). The Federal Circuit sees local patent rules as "essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order," and so reviews the application of local rules under an abuse of discretion

standard. *Keranos, LLC v. Silicon Storage Technology, Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015).

Lippert and IDS seek to strike Days' final invalidity contentions which introduce four new prior art references, and no fewer than 39 new grounds of invalidity based on that new prior art. Lippert claims that these new amendments are not supported by "good cause" as L.P.R. 5-1(b)(3) requires. There's a silly argument going on as to how to count the number of new grounds (is it 39 or 42?), but there's no argument that Days has introduced four new prior art references.

The principal argument in support of the motion is the insufficiency of Days' statement of good cause. [DE 103-2 at 4.] The good cause statement included in Days' final contentions is a entirely summary assertion that most of the court's claim constructions were "unanticipated," without any justification for that conclusion or any explanation of how the surprise claim constructions relate to the additional contentions of invalidity.

Lippert and IDS cite opinions from E.D. Texas, a popular patent district, with what they characterize as an analogous local patent rule standard, holding that claim construction is not "unanticipated" for the purpose of good cause just because it differs from the party's own proposed construction, or just because the court sided with the opposing party's claim construction. [DE 103 at 8-9.] *See, e.g., IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F.Supp.3d 541, 549 (E.D. Tex. 2018). In opposition to the motion, Days argues summarily that a number of my claim constructions were

3

unanticipated because they were "rendered in favor of Lippert's preferred constructions and against Days." [DE 105 at 11.] Days doesn't say whole lot more than that. Instead, it simply repeats it over an over again in the hopes that repetition will remedy the perfunctory nature of the argument. [*Id*. at 12, 13, 16.]

Local patent rules often expressly address amendment of contentions after the *Markman* ruling, allowing them only with leave of court for "good cause." Some, like the Eastern District of Texas, think a foreseeable claim construction by the court does not provide good cause, and the Federal Circuit has affirmed that approach under such a local rule. *See Parallel Networks, LLC v. Abercrombie & Fitch Co.*, 704 F.3d 958, 971(Fed. Cir. 2013) (amendment properly disallowed where the "claim construction was hardly unanticipated"). Others, like those of the District of New Jersey in *Howmedica Ostenoics Corp. v. Zimmer, Inc.*, 822 F.3d 1312, 1324 (Fed.Cir. 2016), and the Western District of Washington in *Allvoice Developments US, LLC v. Miscrosoft Corp.,* 612 *Fed.Appx*. 1009, 1015 (Fed. Cir. 2015)), provide that any claim construction different from that proposed by the party seeking amendment is adequate cause.

Unfortunately, the wording of our local rule merely states that an "unanticipated claim construction ruling" can amount to good cause allowing for amendments of contentions. But it does so without providing any meaningful guidance on what exactly that means. In other words, when is something "unanticipated?"

Days attempts to distinguish the Texas case law supporting the motion by arguing that the local rules of the E.D.Tex. are not analogous to ours, but more

4

complicated, with three different standards for amendment to invalidity contentions, none of which is analogous to ours. [DE 105 at 16-17.] In reply, Lippert and IDS identify what they consider the most analogous E.D.Tex. provision, governing the ability to amend infringement contentions in light of claim construction, and point out that under the case law construing it, a similar "unanticipated" standard applies, which isn't met simply because the court went with an opponent's proposed construction. [DE 106 at 9.]

Days also points to language in its preliminary invalidity contentions "reserving the right" to make changes to the contentions after claim construction. [DE 105 at 5, 7.] That self-serving language cannot possibly modify the legal standard of "good cause" imposed by the local patent rules. In a patent case, the Court of Federal Claims has said as much: "It would be intolerable to case management if one party could simply reserve to itself the right to change its substantive positions without cause." *Morpho Trust USA, LLC v. United States*, 132 Fed.Cl. 419, 421 (Ct. Fed. Claims 2017).

Days argues that Lippert and IDS are not prejudiced by the new invalidity contentions (1) because discovery doesn't close until February 12, 2020 (after a recent agreed extension granted by Judge Gotsch, the date is now April 17), (2) because Days' reservations of rights put Lippert and IDS on notice that Days might amend its contentions following the *Markman* ruling, and (3) because the amendments actually removed one theory of invalidity (indefiniteness) in light of the court's claim construction. [DE 105 at 17-19.] Lippert responds that additional discovery doesn't

5

mitigate the work required for it and its expert "to try and comprehend 42 new positions with respect to the claims at issue in a relatively short amount of time." [DE 106 at 15.]

The decisions and local rules of other districts cited above highlight that different approaches can reasonably be taken as to when to allow amendments to contentions following the claim construction decision. In some districts, the fact that the court construed a claim as an opposing party advocated is enough to support amendment. In other districts, that circumstance does not justify amendment, as the construction of a claim in the manner advocated by an opponent is not considered to be unanticipated. There is little precedent interpreting our local rule's use of "unanticipated." The only reported case is *Lippert Components Mfg., Inc. v. MOR/ryde International Inc.*, 2017 WL 6210884 (N.D. Ind. 2017), in which Judge Gotsch refers to a party "retain[ing] the right to amend its invalidity contentions under Local Patent Rule 5-1(b)(3) after the Court issues its claim construction order," but also that "any such amendments must be 'supported by good cause (e.g. discovery of previously undiscovered information or an unanticipated claim-construction ruling).'" *Id*. at *1, quoting L.P.R. 5-1(b)(3).

Against this background, I find the intended scope of the term "unanticipated claim-construction ruling" in our local patent rule is less than clear, and I'm not strongly persuaded by either side's advocacy on that point in this case. In any event, I have the authority under N.D. Ind. L.R. 1-1(b) not to apply a local rule in a particular case "in the interest of justice," and, ultimately, this is what drives my resolution of the

6

motion before me.  It is my strong conviction that the interest of justice is generally best served by a robust exploration and presentation of the merits of litigation, and I don't like to see that stymied or foreclosed by an overly persnickety application of procedural rules.

I view the situation through a pragmatic lens.  At oral argument, more than once I pressed counsel for Lippert and IDS to explain any prejudice they would suffer if the expanded invalidity contentions are permitted.  Each time, counsel's answer focused on the compressed schedule they would have in which to conduct additional discovery and work with their experts to respond to the amended contentions.  I pointed out that if the new contentions had been made in Day's preliminary set of contentions, the same amount of additional time and expense would presumably have been expended already, so isn't it simply a matter of earlier versus now?  Furthermore, shortly before oral argument on the motion to strike, Judge Gotsch granted the parties' stipulation to extend discovery deadlines by several months, starting with expert witness reports. [DE 111.]  As is often the case with matters essentially of case management, prejudice is averted by simply allowing sufficient time for new developments to be reasonably managed and responded to.  For all these reasons, I am not persuaded to exclude the amended invalidity contentions.

ACCORDINGLY:

Plaintiff Days Corporation's Motion for Leave to File a Sur-Reply [DE 107] is GRANTED.

Defendants Lippert Components, Inc. and Innovative Design Solutions, Inc.'s Motion to Exclude Newly Cited Prior Art and Accompanying Grounds of Invalidity Included in Plaintiff's Final Infringement Contentions [DE 102] is DENIED.

SO ORDERED this 17th day of December, 2019.

    /s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE