UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAYS CORPORATION,<br><br> Plaintiff,<br><br>   v.<br><br>LIPPERT COMPONENTS, INC., *et al.*,<br><br> Defendants. | CASE NO. 3:17-CV-208-PPS-MGG |

**OPINION AND ORDER**

Pending and ripe before the Court is the Motion for Clarification and, if Necessary, Motion to Join Lippert Components, Inc. as Co-Plaintiff Under Federal Rules of Civil Procedure 15 and 21 [DE 141] filed by Lippert Components, Inc. ("Lippert") and Innovative Design Solutions, Inc. ("IDS") on July 13, 2020. Lippert and IDS's Motion became ripe on August 3, 2020, with the filing of their reply brief. Briefing on their Motion was supplemented on March 10, 2021 [DE 213], and March 17, 2021 [DE 221], with leave of court. For the reasons discussed below, the Court denies Lippert and IDS's Motion.

I. **RELEVANT BACKGROUND**

On March 10, 2017, Days Corporation ("Days") filed its complaint against Lippert in the instant action (Case No. 3:17-cv-208-PPS or "the '208 Case") seeking declaratory judgment of non-infringement and invalidity of U.S. Patent Numbers

6,584,385 and 6,885,924 ("the IDS Patents").[1] On May 1, 2017, IDS filed a complaint initiating a separate action against Days (Case No. 3:17-cv-327-PPS or "the '327 Case") alleging infringement of the IDS Patents, which it owns. Lippert was not a party to the '327 Case. Before any responsive pleadings were filed in either case, Days filed its motion to consolidate the '327 Case into the instant '208 Case. The Court granted Days's motion to consolidate on June 9, 2017, while also granting leaving for Days to file its Second Amended Complaint. [DE 33]. As relevant here, Days's Second Amended Complaint added IDS as a defendant to its claims related to the IDS Patents. [DE 36].

In its Answer to IDS's Complaint, Days asserted defenses of non-infringement and invalidity of the IDS Patents but did not raise any counterclaims. [DE 39]. In their Answer to Days's Second Amended Complaint dated June 27, 20217, Lippert and IDS asserted no affirmative defenses or counterclaims related to the IDS Patents. [DE 40]. With that the pleadings were finalized.

Over the course of the next three years, this consolidated action proceeded through infringement and invalidity contentions, claim construction, a judicial settlement conference, and into discovery. Among the topics explored by the parties during discovery was Lippert's lost sales and profits related to the IDS Patents, which was also addressed by the parties' damages experts. According to Lippert and IDS, Days disclosed—after its damages expert submitted his expert rebuttal report—that it would be arguing that Lippert is not entitled to seek lost profit damages based on

---

[1] In the same complaint, Days raised a separate claim against Lippert for infringement of U.S. Patent Number 6,619,693 ("the Days Patent"), which is no longer at issue in this case after the U.S Patent and Trademark Office found it invalid. [*See* DE 146 at 5].

2

Days's alleged infringement because Lippert is not a co-plaintiff with IDS on its patent infringement claims that were initiated in the '327 Case before consolidation.  Surprised by this assertion and concerned that Lippert's interests might not be fully represented in the operative pleadings, Lippert and IDS filed the instant motion.

Through their motion, Lippert and IDS ask the Court to clarify whether Lippert is a co-plaintiff on IDS's patent infringement claims against Days and it entitled to seek damages for Days's alleged infringement as the result of the June 2017 consolidation order. Alternatively, Lippert and IDS ask the Court for leave to amend IDS's complaint to join Lippert as a co-plaintiff pursuant to Fed. R. Civ. P. 15 and 20.

II.  **ANALYSIS**

   A.  **Consolidation Order Did Not Establish LCI as a Co-Plaintiff**

As Lippert and IDS acknowledge, different types of consolidation are recognized in the Seventh Circuit. *See E.E.O.C. v. Harris Chernin, Inc.*, 10 F.3d 12826, 1289 (7th Cir. 1993) (collecting cases). When cases are consolidated for limited purposes, such as pre-trial matters or discovery, the cases are not merged into one. *Id.* (citing *Ivanov-McPhee v. Wash. Nat'l Ins. Co.*, 719 F.2d 927, 929 (7th Cir. 1983); *Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 710 (7th Cir. 1987); *Brown v. United States*, 976 F.2d 1104, 1107 (7th Cir. 1992)). When cases are consolidated "for all purposes," however, they merge and lose their individual identity. *Doe v. Howe Mil. Sch.*, 227 F.3d 981, 986 (7th Cir. 2000). As these cases all discuss, the language of a consolidation order can be key when determining the appropriate timing for appeal of a particular judgment in a consolidated case.

3

Here, the Court consolidated the '208 and '327 Cases "for all purposes" because "both actions involve the same parties and the same patent infringement issues [such that] separate discovery and trials would unnecessarily duplicate the parties' and the Court's efforts with the risk of inconsistent outcomes in front of two different presiding judges." [DE 33 at 2]. As such, both cases were merged into one and lost their individual identity, especially for purposes of appeal at some later date when a judgment is entered.[2] Beyond the consolidation order's impact on appealability, Lippert and IDS now argue that it automatically made Lippert a co-plaintiff on IDS's infringement claim against Days. In support, Lippert and IDS direct the Court's attention to the merger of cases facilitated by the consolidation order and the parties' course of conduct through discovery. Yet Lippert and IDS present no authority to support such an outcome. Instead, they rely upon authority that discusses the effect of merger on appeals, not the underlying claims. *See Doe*, 227 F.3d at 986; *Harris Chernin, Inc.*, 10 F.3d at 1289; *Sandwiches, Inc.*, 822 F.2d at 710; *Ivanov-McPhee*, 719 F.2d at 929. As such, Lippert and IDS have not established that merger of cases achieved in consolidation extends to all the claims in every underlying complaint or counterclaim.

Moreover, a merger of underlying claims upon consolidation of two cases does not make sense. Lippert may understandably be arguing infringement in opposition to

---

[2] As Lippert and IDS note, the Supreme Court recently held that even cases consolidated "for all purposes" retain their separate identifies to the extent that a final decision in one is immediately appealable by the losing party. *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). In *Hall*, the Court did not prohibit consolidation "for all purposes" or require that constituent cases in a consolidated action retain their individuality. The extent to which *Hall* may affect appealability of any judgment in this case is a question left for another day.

Days's non-infringement and invalidity claims under the Declaratory Judgment Act ("the DJA"). However, the DJA

> is a procedural device that provides a . . . noncoercive remedy (a declaratory judgment) in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy (such as an injunction or damages award) and in case in which a party who could sue for coercive relief has not yet done so."

*B. Braun Med., Inc. v. Abbott Lab'ys*, 124 F.3d 1419, 1428 (Fed. Cir. 1997). As a result, damages, as a coercive remedy, are not at issue in Days's declaratory judgment claim.

Additionally, nothing in the Court's consolidation order relieved the parties of their pleading obligations established in the Federal Rules of Civil Procedure. Indeed, "[n]othing in [the Declaratory Judgment Act] authorizes a party to seek further relief based on a declaratory judgment without regard for other established rules of procedures" and the consequences that flow from them. *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 940 (Fed. Cir. 2003). The Federal Rules provided Lippert with all the procedural tools it needed to make a claim for a damages award including a compulsory counterclaim to Days's declaratory judgment claims of non-infringement and invalidity under Fed. R. Civ. P. 13(a); amendment of IDS's infringement claim under Fed. R. Civ. P. 15(a); permissive joinder as a co-plaintiff to IDS's infringement claim under Fed. R. Civ. P. 20; or even intervention as a co-plaintiff on IDS's infringement claim under Fed. R. Civ. P. 24. Neither Lippert nor IDS invoked any of these options choosing instead to assume, without basis, that the consolidation order automatically and unilaterally expanded the pleadings on their behalf. Such an

5

outcome fails to achieve the due process principles reflected in the notice pleading requirements of the Federal Rules.

Thus, the parties' conduct throughout this litigation cannot and does not justify Lippert's faulty assumption that the consolidation order turned it into a co-plaintiff on IDS's infringement claim either. Even if it could, the briefing of the instant Motion reveals that both parties seem to have misinterpreted the intent and the result of statements in assorted pleadings, filings, discovery requests, and discovery responses as favoring their perspective on whether Lippert has asserted any claim for damages against Days in this consolidated action.

Having clarified that the Court's June 2017 consolidation order did not, and could not have, made Lippert a co-plaintiff on IDS's patent infringement claim, the Court turns to Lippert and IDS's alternative motion to amend the IDS complaint adding Lippert as a co-plaintiff.

### B.     Undue Delay and Undue Prejudice Preclude Amendment of IDS's Complaint

#### 1.     Rule 16(b)(4) heightened good cause standard does not apply

Rule 16(b)(4) only allows modification of Rule 16(b) Scheduling Orders for good cause and with the judge's consent. The parties contend that this standard applies to Lippert and IDS's request to amend the pleadings because the deadline for amending the pleadings established in the Court's Rule 16(b) Scheduling Order has passed. Indeed, this Court has applied the Rule 16(b)(4) modification standard to motions to amend the pleadings. *See, e.g., Tristate Bolt Co. v. W. Bend Mut. Ins. Co.*, 2020 WL 503036,

6

at *1 (N.D. Ind. Jan. 31, 2020) (quoting *Adams v. City of Indianapolis*, CAUSE NO. 1:18-cv-000212-TLS-SLC, 742 F.3d 720, 734 (7th Cir. 2014)). However, the Rule 16(b) Scheduling Order at issue in *Tristate Bolt* set deadlines for each party "to seek leave to amend its pleadings." *Id.* That language—and its effect—is distinguishable from the language in the Rule 16(b) Scheduling Order governing this case.

In this case, the Court addressed the amendment of pleadings in its Scheduling Order as follows:

> The last date to amend the pleadings without leave of court as to respective Plaintiff **is January 9, 2018**; Respective Defendant(s) is **January 23, 2018**. Thereafter, any amendments to the pleadings must be by motion and leave of court.

[DE 54 at 2 (emphasis in original)]. The Court's order provides an opportunity for the parties to amend their pleadings before, during, and after trial consistent with Fed. R. Civ. P. 15. Thus, the deadline for motions to amend the pleadings has not passed, Rule 16(b)(4) is not implicated, and Rule 15(a)(2) governs Lippert and IDS's instant request.

### 2. Amendment of the pleadings under Rule 15(a)(2) is unjustified

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). When justice requires it, leave should be freely given. *Id.* "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007). In the end,

7

"the decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002). Here, Lippert and IDS have unduly delayed in seeking the Court's permission to amend IDS's complaint. Moreover, amending IDS's complaint more than 3-1/2 years after it was filed will cause undue prejudice to Days.

As alluded to above, Lippert and IDS—through their common counsel—could have been and should have been aware that defending against Days's declaratory judgment claim without pleading damages through a counterclaim could not result in any damages award for either Lippert or IDS. Lippert and IDS, presumably through the same counsel, appear to have understood this procedural and statutory reality based on IDS's filing of its own infringement claim seeking damages through the '327 Case. As the IDS Complaint was filed before consolidation, the Court can only assume that Lippert and IDS intentionally chose not to include Lippert as a co-plaintiff on the infringement claim. Furthermore, the record in this case includes statements and arguments suggesting that Lippert was intentionally omitted as a co-plaintiff to IDS's infringement claims.

As Days outlines, Lippert argued that the Court lacked subject matter jurisdiction over Lippert as to Days's non-infringement claims in two motions to dismiss in the '208 Case filed before the consolidation order was entered. [*See* DE 146 at 5–6 (citing DE 19, DE 27)]. Lippert and IDS's Answer to the Second Amended Complaint, Lippert maintained its position on subject matter jurisdiction. [*See* DE 40]. In the parties' joint Rule 26(f) Report of Parties' Planning Meeting dated July 31, 2017, the

parties identified the claims embodied in IDS's complaint as the only infringement claims against Days in this action. [DE 47]. While the intent of these statements has been debated by the parties in the instant briefing, they confirm that Lippert and IDS were aware of Lippert's potential connection to infringement claims against Days as early as mid-2017. Moreover, Lippert's interpretation of the consolidation order as turning it into a co-plaintiff with IDS—faulty as it was—shows that it was also aware of its own potential damages by June 2017 when the consolidation order was entered.

Thus, Lippert's indefensible delay in seeking to amend the pleadings to reflect its interest in pursuing damages against Days has thwarted the Court's and Days's efforts to fulfill their obligations under Fed. R. Civ. P. 1 to "to secure the just, speedy, and inexpensive determination of [this] action." To amend the pleadings now to add Lippert as a co-plaintiff on IDS's infringement claims would clearly prejudice Days by opening the question of whether further discovery is warranted and by slowing progress toward resolution of this aged case, in which multiple dispositive motions are pending. And responsibility for that prejudice would fall at the feet of Lippert and IDS—not Days. Clearly Lippert will also be prejudiced if it is not allowed to pursue the damages it now finds to be justified. However, Lippert and IDS had at least three years, if not more, to ensure that Lippert's interests were protected in this litigation. It did not and the prejudice imposed on Days outweighs any prejudice Lippert may experience.[3]

---

[3] Lippert may be able to pursue other legal remedies, however, that discussion is beyond the purview of this Opinion and Order.

Therefore, Lippert and IDS's undue delay prevents them from amending IDS's complaint to add Lippert as a co-plaintiff. The same concerns over undue delay and prejudice doom any claim for permissive joinder under Fed. R. Civ. P. 20(a). *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982) (holding that district courts retain broad discretion as to joinder of parties); 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1652 (2001) (explaining that such discretion to join parties allows courts to effect Rule 20's purpose of promoting efficiency and fairness and that motions for joinder that would result in prejudice, expense, or delay should be denied.).

### III. CONCLUSION

For the reasons discussed above, the Court's consolidation order [DE 33] did not make Lippert a co-plaintiff on IDS's infringement claims raised in its Complaint in the '327 Case. Moreover, Lippert and IDS's undue delay in seeking to add Lippert as a co-plaintiff have unduly prejudiced Days leading the Court to **DENY** their alternative request to amend IDS's complaint incorporated into the instant Motion. [DE 141].

Finding good cause as required under *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999), the Court also **GRANTS** Days's Amended Motion to Seal. [DE 220]. The Clerk is **DIRECTED** to maintain under seal Days's response brief [DE 146] and attached Exhibits 4 and 5 [DE 146-4, DE 146-5].

**SO ORDERED** this 12th day of May 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge