UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAYS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17CV208-PPS /MGG |
| ) | |
| LIPPERT COMPONENTS, INC. and ) | |
| INNOVATIVE DESIGN ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

_consolidated with_

| | |
|---|---|
| INNOVATIVE DESIGN ) | |
| SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:17CV327-PPS/MGG |
| ) | |
| DAYS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Presently before me is the third summary judgment motion [DE 163] the parties have brought to my doorstep in this dueling and overwrought patent dispute between two companies — Days Corporation on the one hand and Innovative Design Solutions, Inc./Lippert Components Inc., on the other — over leveling systems for Recreational Vehicles. In this motion IDS seeks summary judgment against Days on a number of theories which I take up below.

1. **Days' Infringement of Claim 15 of '385 Patent**

Innovative Design Solutions and Lippert Components first seek summary judgment that Days Corporation has infringed Claim 15 of IDS's '385 Patent. [DE 163.] In response, Days acknowledges that it does not dispute "that its Accused Leveling Systems meet every limitation of Claim 15 of the '385 Patent." [DE 177 at 7.] But Days argues that IDS is still not entitled to a summary judgment of infringement because the validity of Claim 15 is in dispute and because IDS has never claimed, or supported any claim, that Days indirectly infringes Claim 15 by inducement or contributory infringement or infringes Claim 15 under the doctrine of equivalents. [DE 177 at 7-8.]

In my opinion issued today ruling on Days' summary judgment motion of non-infringement [DE 154], I have separately determined that Days is entitled to summary judgment on these abandoned theories of infringement, that is, that I would grant Days a "declaratory judgment as a matter of law that it has not infringed IDS's '385 or '924 Patents by way of the doctrine of equivalents or indirectly by contribution or inducement." [DE 231 at 6.] So applying that broader holding to Claim 15 in particular leaves only a claim of direct infringement of Claim 15.

Days contends that Claim 15 is invalid. A broader claim of invalidity of all the asserted claims of IDS's '385 and '924 Patents has been raised by Days in yet another motion for summary judgment. [DE 157.] In my opinion also issued today ruling on that motion for summary judgment of invalidity, I have determined that the parties' evidence on the priority of conception is materially disputed and does not support a

2

determination of priority as a matter of law. [DE 232 at 11.] The question thus becomes: what is the relevance of that disputed matter to IDS's present motion for a summary judgment as to Days' infringement of Claim 15?

IDS contends that because "[i]nfringement and validity are separate issues," even a continuing dispute as to the validity of Claim 15 does not preclude summary judgment as to infringement. [DE 196 at 5.] IDS cites the Supreme Court's decision in *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632 (2015). In *Commil*, the Supreme Court concluded that a defendant's belief that a patent is invalid does not provide a defense to a claim of induced infringement. *Id*. at 642. Contrary to IDS's position, the context of *Commil*, and even some of the court's language, suggest to me that the potential invalidity of Claim 15 precludes a summary judgment of infringement even where Days concedes that its accused systems meet all the limitations of Claim 15.

That two legal issues pose separate questions does not mean that they are entirely unrelated or that one has no impact on the other. In *Commil*, the Supreme Court observed that "noninfringement and invalidity were 'alternative grounds' for dismissing" a suit for infringement. *Id*. at 643, quoting *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 98 (1993). More explicitly, the court "explained that an accused infringer 'may prevail either by successfully attacking the validity of the patent or by successfully defending the charge of infringement.'" *Commil*, 575 U.S. at 643, quoting *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 334 (1980). Both of these statements

3

suggest that a demonstration of invalidity *is* a means of defeating an infringement claim.

But the court goes on to make a distinction that "invalidity is not a defense to infringement, it is a defense to liability." *Commil*, 575 U.S. at 644. Whatever this may mean (and its meaning is not at all clear to me), it nonetheless appears that if Claim 15 is found to be invalid, then Days will not be liable for infringement, such that a summary judgment of infringement would appear to be premature with invalidity still a possibility. Rather than frame any summary judgment in terms of a legal conclusion of "infringement," then, I will instead grant the motion to the extent of a summary declaration that (as Days itself admits) Days' Accused Leveling Systems meet every limitation of Claim 15 of the '385 Patent.

### 2. Other Grounds for Summary Judgment Against Days Corporation

Besides Days' infringement of Claim 15, IDS's motion seeks summary judgment on five additional issues "on which Days has the burden of proof by clear and convincing evidence." [DE 163 at 2.] I will examine each of these issues separately.

#### a. Priority of Martin

The first issue is Days' contention that a German Patent No. DE 19756426 to Martin is prior art to the inventions set forth in the claims of the '385 Patent. [*Id.*; DE 164 at 17.] Pursuant to pre-AIA 35 U.S.C. §102(a), the determination depends on the timing of IDS's invention, specifically whether it occurred prior to Martin's publication on July 7, 1999. The issue of priority between the parties' inventions has been discussed

at length in my separate opinion issued today on Days' motion for summary judgment on invalidity [DE 157], and there, a number of relevant documents were considered. [DE 232 at 3-6, 9-11.] IDS relies again on its "RTP Document" and its asserted date of June 10, 1999 as uncontested proof that IDS invented and reduced its leveling system to practice prior to July 7, 1999. [DE 164 at 18; DE 196 at 17.] For purposes of this motion, Days is not willing to concede the date of June 10, 1999 for what it calls the "IDS Memo," and instead contends that the date of the document is disputed because no IDS inventor, even the one purported to have authored the document, can testify as to the date of its creation. [DE 177 at 22.]

Only in its reply does IDS offer argument and underlying evidentiary support for Robert Ford's assertion that the metadata of the document establishes that its computer file was last modified on June 10, 1999, so that the document cannot be newer than that date. [DE 196 at 13.] That argument and additional evidence made for the first time in IDS's reply comes too late. An argument raised only in the summary judgment movant's reply brief is waived. *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019). *See also Bilk v. Shearing*, 2021 WL 2416560, __ Fed.Appx. __, at *3 (7th Cir. 2021); *Cremation Society of Illinois, Inc. v. International Brotherhood*, 869 F.3d 610, 617 n.2 (7th Cir. 2017); *Alam v. Miller Brewing Co.*, 709 F.3d 662, 668 n.3 (7th Cir. 2013); *Stampscom Inc. v. Endicia, Inc.*, 437 Fed.Appx. 897, 909 (Fed. Cir. 2011) (applying regional circuit law in deciding admissibility of evidence offered only in summary judgment reply).

Furthermore, the issue is subsumed in the parties' overarching dispute about the priority of the parties' rival inventions, as discussed in my opinion [DE 232] on Days' motion for summary judgment of invalidity [DE 157]. As I did there, I find that there exists a genuine dispute of fact precluding a determination as a matter of law whether IDS invented its leveling system prior to the publication of Martin on July 7, 1999. I incorporate here by reference my analysis of the evidence presented on IDS's conception of its invention. [DE 232 at 3-6, 9-11.]

      **b.**    **Priority of Days Technical Literature**

The same analysis dictates the denial of summary judgment on the next issue enumerated by IDS in the present motion, namely whether what it calls "Days Technical Literature" is prior art to the '385 Patent. [DE 163 at 2; DE 164 at 18.] This request for summary judgment will also be denied because, for the reasons set forth in the opinion on Days' motion for summary judgment on invalidity [DE 232], the pertinent facts are genuinely disputed and the record does not support a determination as a matter of law.

      **c.**    **Schneider '700 and Citron '409**

The next two issues presented for summary judgment concern whether two other U.S. Patents relied on by Days support an invalidity determination as to claims 7, 15, 34, and 35 of the '385 Patent. These four claims "call for the controller to be configured to infer or detect jack ground contact based on feedback received from the tilt sensor." [DE 164 at 20.] Days takes the position in this litigation that each of claims

6

7, 15, 34, and 35 is invalid because they are "anticipated" under 35 U.S.C. §102 or "obvious" under §103. In the present motion, IDS challenges Days' reliance on two other patents in making these invalidity arguments. The first patent is U.S. Patent No. 5,915,700 to Schneider, et al. The second is U.S. Patent No. 5,934,409 to Citron et al.

Schneider is an inventor of two patented vehicle leveling systems. [DE 168-20, DE 168-22.] IDS argues that Days' anticipation contentions based on Schneider '700 rely on a faulty premise of that patent's incorporation of certain elements from a predecessor patent, U.S. Pat. No. 5,176,391 to Schneider et al. [DE 164 at 23.] Days contends that Schneider '700 teaches use of a level sensor to determine ground contact. [DE 177 at 23.] Both parties appear to agree that Schneider '700 does so, if at all, only by means of its incorporation of Schneider '391 by reference. [DE 164 at 23; DE 177 at 24.] Days' contends that "Schneider '391 teaches the use of the level sensor to determine jack ground contact at the conclusion of the leveling process." [DE 177 at 24.] In this motion, IDS argues the opposite, that "Schneider '391 does not teach a proportional tilt sensor or a controller that uses information from the tilt sensor to determine that jack ground contact has been made." [DE 164 at 25.]

Some helpful explanation of the principle of incorporation by reference as pertinent to patent anticipation is found in *Advanced Display Systems, Inc. v. Kent State Univ.*, 212 F.3d 1272 (Fed. Cir. 2000). "[I]nvalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could

7

practice the invention without undue experimentation." *Id*. at 1282.  Material "incorporated by reference" is considered integrated into a host document that "cit[es] such material in a manner that makes clear that the material is effectively part of the host document as if it were explicitly contained therein." *Id*.  But to do this, "the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Id*.  Significant for present purposes is that "[w]hether and to what extent material has been incorporated by reference into a host document is a question of law." *Id*. at 1283.

      IDS argues that Schneider '700 incorporates from Schneider '391, "at most, the discussion of the hydraulic system...concerning how hydraulic fluid is circulated to and from the jacks **22, 24, 26** by the pump and reservoir assembly **48**, as well as the discussion related to the construction of the pump and reservoir assembly **48**[.]"  [DE 164 at 24.]  Two passages from Schneider '700 are cited by IDS.  The first is column 6, lines 12 to 23, expressly incorporating by reference Schneider '391's disclosure of its substantially similar hydraulic fluid power system for extending and retracting jacks, and making reference to Schneider '391's description of the construction of reservoir, pump and actuator assembly.  [DE 164-1 at ¶147.]  The second is column 8, lines 10 to 13, noting the similarity of Schneider '391's electronics design, which automatically retracts jacks if the transmission is not in neutral or park, with the parking brake engaged.  [DE 164-1 at ¶153.]

8

Days responds by relying on its expert's view that Schneider '700 would be understood by one skilled in the art as "incorporating by reference Schneider '391 not only for it hydraulics but also for its electronics, including the level sensor." [DE 177 at 24.] Days argues that Schneider '391 "teaches the use of the level sensor to determine jack ground contact at the conclusion of the leveling process." [DE 177 at 24.] Whether or not Schneider '391 does this, Days cites to no language *in Schneider '700* that can be construed as incorporating by reference the portions of Schneider '391 necessary to Days' argument.

So Days has failed to demonstrate that Schneider '700 contains the sort of detailed and particular identification of the pertinent material within Schneider '391, expressly incorporated so as to make it effectively part of Schneider '700, as required by *Advanced Display Systems*, 212 F.3d at 1272. Without such incorporation by reference, Schneider '700 cannot be said to teach the use of a level sensor to determine ground contact. [DE 164 at 23; DE 177 at 24.] That much can be determined as a matter of law. IDS would have me further rule that Days's invalidity contentions as to Claims 7, 15, 34, and 35 that rely on Schneider '700 are without merit. [DE 164 at 22.] But the summary judgment briefing does not cite me to those contentions or offer a rationale for the impact of this conclusion about Schneider '700 on particular invalidity contentions. [*Id*.] So my summary judgment ruling will not reach that far.

Now it is on to the Citron patent. That patent is for a "Trailer Personnel Lift with a Level Sensor and Manually Set Outriggers." [DE 168-21 at 2.] IDS challenges Days'

9

reliance on Citron "to allegedly teach a controller that is configured to determine that jack ground contact has been made based on feedback received from a tilt sensor." [DE 164 at 27.] Based on its analysis of Citron, IDS contends that no reasonable factfinder could conclude that Citron teaches such a controller, and that instead Citron's "microprocessor **70** uses signals from the microswitches **52**, not the tilt sensor **68,** to make the determination that ground contact has been made by the outriggers **34A, 34B, 34C, 34D.**" [DE 164 at 28.]

Acknowledging that Citron "teaches that the microswitches are used to initially ground the jacks," Days nonetheless argues that Citron "teaches using **both** the microswitch **and the tilt sensor** to determine jack ground contact." [DE 177 at 25 (emphasis added).] For this proposition, Days, via its expert Dr. Sturges, cites column 10, lines 9 to 25 of Citron. [DE 177-4 at 27, 34-36.] This passage clearly describes the microswitch and LED light associated with a particular outrigger (or jack) being switched off when the footpad for the outrigger is lifted from the ground, and being switched on when the footpad for the outrigger "is lowered back into contact with the ground." Citron '409 Patent, col. 10, ℓℓ. 9-17.

The reference to the tilt sensor is this: "In addition, the contact of the outrigger **34B** with the ground may cause the trailer personnel lift 20 to shift, thus changing the output of the tilt sensor **68** and possibly causing one or more of the LEDs **76A, 76C**, or **76D** to blink." Citron '409 Patent, col. 10, ℓℓ. 18-22. This language describes a tilt sensor that registers if an outrigger's ground contact causes a shift of the whole personnel lift

10

apparatus. But if ground contact *doesn't* cause such a shift, the cited language does not indicate that the tilt sensor would react. In other words, the Citron tilt sensor detects whether the whole lift apparatus tilts, but not whether a jack (or "outrigger") is on the ground. As a matter of law, then, I can find that Days fails to demonstrate that Citron teaches the use of a level sensor to determine ground contact, or a controller configured to determine that ground contact has been made by a jack based on feedback received from a tilt sensor. As with IDS's arguments about Schneider '700, my summary judgment will not go further to express any conclusion about the impact on Days' invalidity contentions, because such a conclusion has not been adequately briefed. [DE 164 at 27.]

### d. Claim 1 Indefiniteness and Enablement Issues

IDS finally contends that it is "entitled to summary judgment that claim 1 of the '385 patent is not invalid under 35 U.S.C. §112 as being indefinite or lacking enablement." [DE 164 at 29.] IDS argues that this result is dictated by the conclusions in my claim construction order that "[t]he claim term 'located anywhere in the structure' is not void for indefiniteness," and my rejection of Days' indefiniteness argument. [DE 94 at 11, 13.] In response, Days represents that it will not be asserting that Claim 1 is indefinite or lacks enablement, and concedes the issue of partial summary judgment. [DE 177 at 26-27.]

11

### 3. <u>Lippert as Plaintiff Entitled to Summary Judgment</u>

In the context of this final argument, Days highlights another issue raised in its opposition, namely that "only IDS (not Lippert) has asserted any claim based on the '385 patent, [so that] only IDS is entitled to partial summary judgment of no indefiniteness and enablement of Claim 1 of the '385 Patent." [DE 177 at 27.] Earlier in its brief, Days alluded to its position on this point, and noted that Lippert and IDS had raised the issue in their "Motion for Clarification, etc." then pending. [DE 141.] The motion requested that in these consolidated actions Lippert, as the exclusive seller of IDS's patented products, be added as a co-plaintiff on IDS's complaint brought against Days in Cause No. 3:17CV327. [DE 142 at 2.]

After Magistrate Judge Gotsch denied Lippert and IDS's motion [DE 224], they have filed a motion seeking my review of the decision [DE 225] which has recently become ripe and is also ruled on today. In any event, my ruling here on the motion addressing certain invalidity contentions will indicate which portions of the motion for summary judgment are granted and which are denied, but partial summary judgment will not be entered at this time, thereby deferring the question as to whether Lippert is treated as a co-plaintiff with IDS.

**ACCORDINGLY:**

The motion of defendants Lippert Components, Inc. and Innovative Design Solutions, Inc. to Strike [DE 199] is DENIED WITHOUT PREJUDICE.

The motion of plaintiff Days Corporation to Strike [DE 206] is DENIED WITHOUT PREJUDICE.

The motion of defendants Lippert Components, Inc. and Innovative Design Solutions, Inc. for Summary Judgment as to Infringement of Claim 15 of U.S. Patent 6,584,385 [DE 163] is GRANTED IN PART to the extent of a declaration that Days Corporation's Accused Leveling Systems meet every limitation of Claim 15 of the '385 Patent. In all other respects, the motion is DENIED.

The motion of Lippert Components and Innovative Design Solutions for Summary Judgment as to Certain Invalidity Positions of Days Corporation [DE 163] is:

- DENIED as to a determination as a matter of law whether German Patent Martin is prior art to IDS's '385 Patent;

- DENIED as to whether the DAYS Technical Literature is prior art to IDS's '385 Patent;

- GRANTED as to whether Claims 7, 15, 34 and 35 are rendered invalid by U.S. Patent No. 5,915,700 to Schneider, et al. only to the extent that Schneider '700 is found not to teach the use of a level sensor to determine ground contact ;

- GRANTED as to whether Claims 7, 15, 34 and 35 are rendered invalid by U.S. Pat. No. 5,934,409 to Citron only to the extent the Citron is found not to teach the use of a level sensor to determine ground contact, or a

      controller configured to determine that ground contact has been made by a jack based on feedback received from a tilt sensor; and

- GRANTED as to partial summary judgment that Claim 1 of the '385 Patent is not invalid for indefiniteness or lack of enablement under 35 U.S.C. §112.

SO ORDERED this 1st day of September, 2021.

                                                    /s/ Philip P. Simon  
                                                  **United States District Judge**