UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAYS CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CAUSE NO. 3:17CV208-PPS /MGG |
| | ) |
| LIPPERT COMPONENTS, INC. and | ) |
| INNOVATIVE DESIGN | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Defendants. | ) |

_____ _consolidated with_ _____

| | |
|---|---|
| INNOVATIVE DESIGN | ) |
| SOLUTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CAUSE NO. 3:17CV327-PPS/MGG |
| | ) |
| DAYS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This litigation began in 2017 when Days filed suit against Lippert Components, Inc. (Cause No. 3:17CV208) seeking, among other things, declaratory judgments that Days had not infringed two patents — the '385 patent and the '924 patent — or that the patents were invalid. A few weeks later on May 1, 2017, IDS, the owner of the two patents, filed a separate complaint of its own (Cause No. 3:17CV327) seeking damages against Days for infringing those same patents. Oddly, Lippert, who is IDS's parent company and the licensee of those patents, was never named as a plaintiff in that

second action. In June 2017, Days amended its complaint in the declaratory injunction matter adding IDS as a defendant along with Lippert. [DE 36.] The two cases were consolidated into the earlier filed number (3:17CV208) a short while later.

Years passed and a whole lot went on in this highly contentious litigation. But it wasn't until mid-summer 2020, more than three years after this colossus began, that Lippert formally attempted to become a plaintiff and seek damages in the infringement action. (Recall that Lippert was already in the litigation, but only as the defendant in the declaratory judgment action.)  Evidently, this came about when Lippert came to understand that it was Days' position that Lippert was barred from obtaining damages against Days because Lippert (as opposed to IDS) had never formally asserted any claims of infringement.  This prompted Lippert and IDS to file a motion with the objective of squelching Days' contention and getting Lippert added as a plaintiff in the damages action.  [DE 141.] The motion sought this result in one of two ways: First, Lippert and IDS said that all that was needed to add Lippert as a plaintiff was a "clarification." From their point of view, of course Lippert was a plaintiff, it just wasn't formally named as such. Second, and alternatively, if it wasn't so obvious that Lippert was already in the case as a party-plaintiff, then Lippert and IDS sought leave to amend the complaint to add Lippert as a plaintiff.  As noted above, and according to the proposed First Amended Complaint, IDS is the owner of the two patents and Lippert is "an exclusive licensee" under each.  [DE 142-2 at ¶¶8, 9, 28, 29.]

2

In an Opinion and Order issued May 12, 2021, Magistrate Judge Michael G. Gotsch, Sr. denied Lippert's and IDS's motion for "Clarification" or in the alternative to join Lippert as a co-plaintiff to IDS's claims of patent infringement against Days Corporation. [DE 224.] Now before me is Lippert's and IDS's Motion for Review of Judge Gotsch's decision denying leave to amend IDS's complaint to add Lippert as a co-plaintiff.[1] [DE 225.]

Lippert and IDS's motion is made under the authority of Fed.R.Civ.P. 72(a), which provides that the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." On this standard of review, I certainly must do more than consider whether I would have ruled the same way if I had been presented with Lippert/IDS's motion myself. A finding can be called "clearly erroneous" only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The law applicable to a motion for leave to amend originates in Fed.R.Civ.P. 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Despite the generous standard, district courts have broad discretion to deny leave to amend upon finding undue delay and that undue prejudice would result to the opposing party. *Johnson v. Cypress* Hill, 641 F.3d 867, 872 (7th Cir. 2011); *Hukic v. Aurora*

---

[1] Judge Gotsch's rejection of the "clarification" argument is not appealed.

3

*Loan Services*, 588 F.3d 420, 432 (7th Cir. 2009); *Thompson v. Ill. Dep't of Prof'l. Regulation*, 300 F.3d 750, 759 (7th Cir. 2002); *Johnson v. Methodist Medical Center of Ill.*, 10 F.3d 1300, 1303 (7th Cir. 1993).[2]

Judge Gotsch's denial of leave to amend was based on findings of both undue delay and undue prejudice. He found that "Lippert and IDS have unduly delayed in seeking the Court's permission to amend IDS's complaint," and "[m]oreover, amending IDS's complaint more than 3-1/2 years after it was filed will cause undue prejudice to Days." [DE 224 at 8.] I am not persuaded that these conclusions were clearly erroneous or contrary to law.

I, too, conclude that the delay in seeking to add Lippert as a party-plaintiff was undue. Lippert and IDS do not offer *any* explanation for their failure to add Lippert as a plaintiff earlier in the litigation. And I simply don't understand it. It is true that Lippert was "on the scene," having been sued by Days in the declaratory judgment action. Lippert and IDS are related entities, have always been represented by the same counsel, and presumably have pursued a coordinated litigation strategy. They believe these facts weigh in their favor by supporting a lack of prejudice to Days, who had always recognized Lippert's role and asserted to knowing "all of the facts related to LCI's damages claim." [DE 226 at 19.] This may be relevant to the issue of prejudice, but it has nothing to do with whether the delay was undue. As I see it, Lippert and IDS's

---

[2] The Federal Circuit, which has jurisdiction over appeals from patent cases like this one, generally defers to regional circuit law on interpretation of the Federal Rules of Civil Procedure. *In re Deutsche Bank Trust Company Americas*, 605 F.3d 1373, 1377 (Fed.Cir. 2010).

knowledge weighs *against them* when I assess their delay in seeking to add Lippert as a party-plaintiff and whether that delay was "undue."

First, I heartily agree with Judge Gotsch's conclusion (which was wisely not appealed as any contrary argument is frivolous) that consolidation of the two separate actions did not "relieve[] the parties of their pleading obligations" and so did not "automatically ma[ke] Lippert a co-plaintiff on IDS's infringement claim against Days." [DE 224 at 5,4.] This was the so-called request for "clarification."  I further agree with Judge Gotsch's review of the various procedural means open to Lippert to make its own claim for a damages award, none of which Lippert timely invoked.  [*Id*. at 5.]  From all these considerations, it is hardly "clearly erroneous" to conclude that the more than three years' delay, for which no explanation is offered, between IDS's original complaint filed May 1, 2017 and the motion for leave to amend filed July 13, 2020 was "undue."

As for the issue of prejudice, Judge Gotsch expressed his conclusion this way: "To amend the pleadings now to add Lippert as a co-plaintiff on IDS's infringement claims would clearly prejudice Days by opening the question of whether further discovery is warranted and by slowing progress toward resolution of this aged case, in which multiple dispositive motions are pending."  [DE 224 at 9.]  Although Judge Gotsch could certainly have said more by enumerating the additional discovery that might be required, it seems clear that he was accepting Days' assertion of such a need, which was made in some detail in Days' brief before Judge Gotsch and repeated before

5

me. [DE 145 at 21-22; DE 227 at 17-18.] Lippert's claim to damages is predicated on the assertion that it has standing from an exclusive but unwritten license from IDS to sell the patented products. The eight types of discovery described by Days appear on their face to be relevant to such a claim and arguably within the parameters of Rule 26(b).

Lippert and IDS repeatedly argue that Days has already taken "complete" discovery" concerning Days' damages, including on the standing issue. [DE 226 at 2, 3, 4, 12, 13, 21.] To which I ask: Why is it for Lippert and IDS to decide when Days has "complete" discovery pertinent to claims that had not yet been asserted in the litigation? Furthermore, they do not contend that the additional discovery Days has outlined is inappropriate or unnecessary, other than by implying so with their unsupported incantation of the adjective "complete."

Days explains that it engaged in some discovery concerning Lippert's lost profits in order to prepare in case IDS asserted a theory of "downstream lost profits," that is, a theory that "IDS was entitled to collect lost profits of Lippert as a measure of damages for IDS' claim." [DE 227 at 15.] In reply, Lippert and IDS do not attempt to rebut that explanation or its reasonableness, other than to claim without explanation that "the amount of LCI's profits is the same whether LCI's profits are asserted by LCI directly or by IDS." [DE 228 at 5.] This truism sidesteps the question whether Lippert's profits is the applicable measure of damages whether or not Lippert is itself a party-plaintiff. Days explains its position, supported by its damages expert, that "IDS could not claim Lippert's lost profits as a measure of damages" and that "Lippert itself is not entitled to

6

a recovery of its lost profits" if it has not itself asserted any infringement claim. [DE 227 at 2.]

Lippert and IDS highlight that their motion to amend "was filed before the close of fact and expert discovery and the deadline to file dispositive motions." [DE 226 at 2.] This is true, but just barely so. IDS and Lippert filed the motion for clarification or to amend on July 13, 2020, which *at that time* was the deadline for expert witness depositions and discovery motions, with the close of all discovery slated for July 27, two weeks later. [DE 140 at 3.] On the same date, July 13, the parties jointly filed a stipulated request to extend discovery deadlines, with the close of all discovery to occur by September 18, 2020. [*Id.*] Lippert and IDS's characterization presumes that Judge Gotsch would grant the parties' joint request, which he may not have done. In any event, Days' failure to take discovery to defend against a claim that had not been asserted in the case can't be held against Days in assessing Days' prejudice if Lippert was later permitted to become a plaintiff and assert the claim.

It is true that Lippert's standing to bring infringement claims is disputed in Days' Motion for Partial Summary Judgment as to Damages, in which Days of course made use of the existing discovery. [DE 155.] At the time summary judgment motions were filed on October 19, 2020, Days did not yet have the benefit of Judge Gotsch's ruling on the motion for clarification or leave to amend. Days understandably filed its motion for partial summary judgment challenging Lippert's standing to bring a damages claim, lest "clarification" by the court reveal that Lippert was considered to be a plaintiff with

7

its own damages claim.  Days' decision to file the motion in those circumstances does not demonstrate that it would suffer no prejudice, nor that the litigation would not be prolonged, if Lippert was later found to be, or permitted to become, a co-plaintiff.

In a separate opinion and order ruling on Days' motion for partial summary judgment as to damages, I explain my conclusion that the sort of limited exclusive license Lippert claims does not support standing to make claims for infringement damages.  Given that conclusion, futility also supports denial of IDS's motion for leave to amend to add Lippert as a co-plaintiff.  "District courts may deny leave to amend...where there is a good reason to do so: 'futility, undue delay, prejudice, or bad faith.'" *R3 Composites Corp. v. G&S Sales Corp.* 960 F.3d 935, 946 (7th Cir. 2020), quoting *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019).  This conclusion was of course not available to Judge Gotsch at the time he made his analysis, but bolsters my decision not to set aside Judge Gotsch's ruling.

Lippert and IDS do not persuade me that Judge Gotsch's analysis and conclusion disallowing leave to amend was contrary to law or relied on any clearly erroneous factual or legal underpinnings.  "One party may be prejudiced where the other has changed one of its critical legal theories at the eleventh hour in a way that the other side could not have foreseen." *R3 Composites*, 960 F.3d at 946.  This case presents such an instance.  By being present in the litigation but not asserting claims of its own for more than 3 years, Lippert hid in plain sight, and cannot be heard to suggest that Days should have done more discovery to prepare for the eventuality that Lippert might ultimately

8

wake up and seek damages in its own right. Lippert and IDS delayed unduly in seeking to add Lippert as a party-plaintiff, and have failed to carry their burden to show that no prejudice would result to Days from the belated amendment. *King v. Cooke*, 26 F.3d 720, 724 (7th Cir. 1994).

**ACCORDINGLY:**

Lippert Components, Inc.'s and Innovative Design Solutions, Inc.'s Motion for Review of Magistrate Judge Decision [DE 225] is DENIED.

SO ORDERED this 1st day of September, 2021.

/s/ Philip P. Simon
**United States District Judge**
