UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAYS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17CV208-PPS /MGG |
| | ) | |
| LIPPERT COMPONENTS, INC. and | ) | |
| INNOVATIVE DESIGN | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

_____ *consolidated with* _____

| | | |
|---|---|---|
| INNOVATIVE DESIGN | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17CV327-PPS/MGG |
| | ) | |
| DAYS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

John Bone is a damages expert for Innovative Design Solutions, Inc. in this patent infringement case. Bone has offered an opinion on what constitutes a reasonable royalty to IDS for infringement by Days of IDS's Patent No. 6,584,385 (the '385 Patent) for a Vehicle Leveling Assembly. Now before me is Days' motion to exclude Bone's expert opinion. Bone offers an opinion that a reasonable royalty is X dollars per

controller for the system, based on the use of Y dollars as the cost to manufacture each controller unit.[1]  Days argues that Bone's opinion should be excluded because it is based on unreliable evidence, because Bone improperly bootstraps a lost profit calculation to his computation of a reasonable royalty, and because Bone doesn't take into account the impact of my rulings about a second patent.  I find the motion unpersuasive.

## Analysis Based on Unreliable Evidence?

Days contends that "[w]hile Days is not contesting Mr. Bone's credentials to act as a damages expert in this case, his opinion should be excluded nonetheless as he relies upon speculative and unsupported information to calculate IDS' reasonable royalty damages and is thus unreliable."  [DE 249 at 8.]  A reasonable royalty "may be based upon an established royalty, if there is one, or if not, upon the supposed result of hypothetical negotiations" between the parties.  *Rite-Hite Corp. v. Kelly Co., Inc.*, 56 F.3d 1538, 1554 (Fed.Cir. 1995).  Days concern is with Bone's use of Y as the manufacturing cost of each controller unit.  In his deposition, Bone identifies the source of that cost figure as John Manfreda, the Chief Technologist of Lippert Components, Inc. and former employee of IDS.  [DE 185 at 192 (191:3-18).]  Days argues that Manfreda's deposition testimony renders the cost figure unreliable.

I think Days is off base.  The deposition testimony Days relies on (DE 249 at 14) indicates that Manfreda doesn't remember talking to Bone, but Bone apparently does

---

[1]  The actual figures are not significant to the analysis required by the motion before me, and I use X and Y to continue to preserve the confidentiality the parties have afforded these figures to this point in the litigation.

remember obtaining the cost figure from Manfreda. This is not a basis for excluding Bone's testimony. Neither is Days' reliance on Bone's testimony that he "had no knowledge of the sales terms or revenue received from clients." [DE 249 at 9.] As IDS points out, manufacturing costs are a different matter than sales and revenue. [DE 256 at 3.] Days does not point to any testimony in which Manfreda disclaims knowledge of the information Bone says Manfreda relayed, and on which Bone reasonably relied.

### Seeking Lost Profits through the Back Door?

Days' next argument fares no better. Days cites *Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294, 1308 (Fed.Cir. 1999), for the proposition that a party may not "bootstrap evidence of its lost profits back into the case by reference to reasonable royalties." [DE 249 at 10.] After stating his "Royalty rate conclusion," Bone observes that "IDS would not have agreed to a royalty rate less than the profit it would expect to lose from a license to Days." [DE 249-1 at 57.] This rather obvious statement does not demonstrate that Bone's reasonable royalty calculation is merely "a lost profit calculation recharacterized as a reasonable royalty," as Days suggests. [DE 249 at 10.]

Although Days has selected a pithy quote from *Rodime*, the case is distinguishable. There Rodime was attempting to obtain lost profits *in addition to* a reasonable royalty after having "elected to forego lost profits as a measure of damages in favor of reasonable royalties." *Rodime*, 174 F.3d at 1307. The Federal Circuit was merely approving the district court's exclusion of evidence of lost profits presented as "consequential damages" sought by Rodime *on top of* a reasonably royalty. In that

3

context, Rodime did "not seek to inform the circumstances of the hypothetical negotiation as part of its computation of a reasonable royalty." *Id*. at 1308.

The Federal Circuit has recognized that there is "more than one reliable method for estimating a reasonable royalty." *Summit 6, LLC v. Samsung Electronics Co., Ltd.*, 802 F.3d 1283, 1296 (Fed.Cir. 2015). One recognized method, "the analytical method," involves consideration of "the infringer's projections of profit for the infringing product." *Id*. at 1296. Consideration of the profits the patent holder is giving up by licensing the patent to another is a reasonable factor, among many. *Rite-Hite*, 56 F.3d at 1555. The Federal Circuit has approved admission of an expert's reasonable royalty analysis that determined end points of the bargaining range for the hypothetical negotiation by considering a maximum royalty rate based on the incremental profits the licensee would expect to earn from use of the patent, and a minimum royalty rate from the profits the patentholder would expect to lose by granting the license. *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 984 (Fed. Cir. 2021).

The fifteen factors identified in *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970), have become standard considerations in a reasonable royalty analysis,[2] and Bone's report reflects his understanding and consideration of them all. [DE 249-1 at 38-59 .] Days fails to demonstrate that Bone's reasonable royalty assessment was improperly hijacked by a lost profits analysis.

---

[2] *See, e.g., Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Products Group, LLC*, 879 F.3d 1332, 1348-49 (Fed. Cir. 2018).

4

### Consideration of the '924 Patent

Finally, Days contends that Bone's reasonable royalty analysis is flawed because it is based on Days licensing both the '385 Patent and the '924 Patent, but the claims of infringement of the '924 Patent have been removed from the case based on summary judgment rulings. [DE 249 at 12-13.] Days says: "Now that IDS can no longer proceed under the '924 Patent, Mr. Bone's opinion overstates a reasonable royalty that would have been agreed to by the parties." [*Id*. at 13.] In response, IDS points out that Bone's report accounts for this contingency and provides a reasonable royalty opinion for the '385 Patent only. [DE 256 at 10-11, citing DE 249-1 at 7, n.8, and 99.] Days' reply merely argues why it believes Bone's analysis overlooks the impact of "important features of the '924 Patent." [DE 262 at 12.] This is clearly an issue of the weight of Bone's opinions, not their admissibility.

### Conclusion

Days' challenges to damages expert John Bone's reliance on a particular cost of manufacture figure and to his reference to IDS's lost profits provide no basis for excluding Bone's testimony as to a reasonable royalty. Neither does Days' contention that my previous rulings concerning infringement of a second patent render Bone's opinions overstated and "irrelevant." [DE 249 at 13.] Days' motion to exclude Bone's opinion will be denied.

ACCORDINGLY:

5

Days Corporation's Motion to Exclude Expert Opinion of John Bone [DE 246] is DENIED.

SO ORDERED this 28th day of March, 2022.

/s/ Philip P. Simon
**United States District Judge**