UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAYS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17CV208-PPS /MGG |
| | ) | |
| LIPPERT COMPONENTS, INC. and | ) | |
| INNOVATIVE DESIGN | ) | |
| SOLUTIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

_consolidated with_

| | | |
|---|---|---|
| INNOVATIVE DESIGN | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17CV327-PPS/MGG |
| | ) | |
| DAYS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

In this patent litigation, Robert Sturges is an expert witness for alleged infringer Days Corporation. He offers opinions in support of defenses of obviousness and anticipation as to certain claims of Innovative Design Solutions, Inc.'s Patent No. 6,584,385 (the '385 Patent) for a Vehicle Leveling Assembly. Now before me is IDS's motion to prohibit Sturges from testifying. [DE 245.]

## **Applicable Standard of Proof for Obviousness**

One defense to a claim of patent infringement is to show that the patent is invalid on grounds of obviousness. Under 35 U.S.C. §103, a patent is invalid for obviousness "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." Four factors, known as the *Graham* factors, have been identified as pertinent to an obviousness analysis: (1) the scope and content of the prior art; (2) the differences between the claims and the prior art; (3) the level of ordinary skill in the art; and (4) objective indicia of nonobviousness." *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966).

IDS's first argument is that Sturges applied the wrong obviousness standard. [DE 245 at 11.] When an application for a patent is made with the U.S. Patent and Trademark Office and the examiner asserts an issue of obviousness, she must first set forth a prima facie case of obviousness, after which the burden shifts to the patentee to rebut the showing. *ACCO Brands Corp. v. Fellowes, Inc.*, 813 F.3d 1361, 1365-66 (Fed.Cir. 2016). The examiner ultimately applies a preponderance of the evidence standard weighing the evidence establishing the prima facie case with the patentee's rebuttal evidence. *In re Earley*, 836 Fed.Appx. 905, 912-13 (Fed.Cir. 2020).

By contrast, once a patent is granted, and litigation ensues, the standard changes. At that point, there is a presumption that the patent is valid, and any challenge on the

2

grounds of obviousness places the burden on the challenger to demonstrate by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so. *Eli Lilly and Company v. Teva Pharma. Int'l GmbH*, 8 F.4th 1331, 1344 (Fed.Cir. 2021). In short, once a challenge to a patent on obviousness grounds moves into litigation, the standard of proof gets elevated from a preponderance of the evidence to clear and convincing.

Sturges's report discloses his understanding that the *Graham* factors apply to an obviousness determination, and of the elements of a prima facie case of obviousness. [DE 245-1 at 6, 7.] He also understands "that a rationale to combine that merely describes the resulting combination without explaining the particular reason why one of ordinary skill would combine the elements of the prior art so as to form Day's (sic) claimed invention is merely conclusory and based on impermissible hindsight reasoning." [*Id*. at 6.] What IDS complains of is Sturges's failure to reference the clear and convincing standard of proof that applies to an obviousness defense in court. [DE 245 at 11; DE 264 at 2.]

The Federal Court of Claims has rejected such an argument, for the same reasons that occur to me. In that case, as here, an expert's report and testimony were challenged "because he 'did not specify a standard of proof . . .'" *Hitkansut LLC v. United States*, 127 Ct.Cl. 101, 113 (Ct.Cl. 2016). The court observed that the expert is a scientist not a legal scholar, and "may testify 'even if unaware of what burden of proof will ultimately be

3

required.'" *Id.*, citing *Formax, Inc. v. Alkar-Rapidpak-MP Equip., Inc.*, No. 11-C-298, 2014 WL 3057116, at *2 (E.D.Wisc. July 7, 2014). The Court of Claims noted that the Wisconsin case, which it cited with approval, involved our very scenario, "rejecting plaintiff's argument that a defense expert on obviousness must be aware of the 'clear and convincing' evidentiary standard applicable to that defense." *Hitkansut*, 127 Fed.Cl. at 113. In other words, the question at trial will be whether the *jury* is persuaded that the clear and convincing standard of obviousness has been met. What Sturges believes the standard is, is neither here not there. Sturges will be permitted to state his opinion on obviousness and then the jury will take the evidence and apply it to the clear and convincing standard. In short, there is no basis to preclude his testimony on a perceived lack of understanding (if there is a lack of understanding at all) on the proper standard of proof.

## **Indicia of Nonobviousness**

The fourth *Graham* factor expresses the relevance of objective evidence that a patent is not obvious. Examples include "[s]uch secondary considerations as commercial success, long felt but unsolved needs, [and] failure of others." *Graham*, 383 U.S. at 17-18. IDS argues that Sturges's report is flawed because it "omits any mention of the objective indicia of non-obviousness." [DE 245 at 12.] IDS relies on *InTouch Tech., Inc. v. VGO Communications, Inc.*, 751 F.3d 1327 (Fed.Cir. 2014). There the issue presented was not whether an expert's testimony should have been excluded, but whether the defense of obviousness was supported at trial by sufficient evidence. In

4

that context, the Federal Circuit found that an expert's conclusion that certain patent claims were obvious was supported by an incomplete analysis because she failed to account for the objective evidence of nonobviousness offered by the patentee.  *Id*. at 1352.  The court of appeals reversed the district court's denial of judgment as a matter of law and its judgment of invalidity, because the defendant had failed to meet its burden of proving obviousness by clear and convincing evidence.  *Id.* at 1353.

*InTouch* does not involve a *Daubert* motion to exclude the expert's testimony. The Federal Circuit expressly notes that "technical experts may testify to matters like the level of skill in the art at the time of the invention and what a skilled artisan might find obvious in light of the prior art without addressing objective indicia of nonobviousness."  *Id*. at 1352, n.8.  IDS contends that Sturges's conclusions are not so limited, and that the next sentence of the *InTouch* footnote applies:  "where…an expert purports to testify, not just to certain factual components underlying the obviousness inquiry, but to the ultimate question of obviousness, the expert must consider all factors relevant to that ultimate question."  [DE 264 at 4-5, citing *Id*.]

IDS does not identify any secondary factors of nonobviousness that Sturges should  have considered, or reference any evidence to support them.  It is true that Sturges couches his conclusions in ultimate terms, for example, "Claim 7 is obvious." [DE 245-1 at 27.]  But the analysis immediately offered is focused on the relevant claims of the prior art and the reasoning and motivation of a hypothetical POSITA to combine certain elements to achieve what Claim 7 teaches.  *Id*.  If Sturges overstates his ultimate

5

conclusions, his testimony could be subjected to cross-examination challenging its weight for failure to consider additional factors pertinent to obviousness. But I am not persuaded that Sturges's failure to consider unidentified indicia of nonobviousness is a basis for excluding Sturges's report or precluding his testimony.

### The How and Why

Expert reports are to be "detailed and complete," and to offer an explanation of the expert's analysis. Fed.R.Civ.P. 26 Advisory Committee's note. They "must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Salgado ex rel. Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741, n.6 (7th Cir. 1998). *See also Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 641 (7th Cir. 2008). IDS argues that Sturges's report fails to meet these requirements and is merely his *ipse dixit* (which is fancy Latin for "because I said so, that's why"). [DE 245 at 14.] More specifically, IDS contends that:

> Dr. Sturges' report is not complete in that no bases or reasons are provided for Dr. Sturges' invalidity positions on anticipation or obviousness. Dr. Sturges merely provides quotations from the cited art and juxtaposes them with a claim limitation. There is no explanation of how or why the quoted language meets the respective claim limitation.

[*Id.*]

In the example IDS points to [DE 245 at 10] on page 16 of Sturges's report, Sturges expresses the view that each limitation of Claim 1 of the '385 Patent is anticipated by the prior art identified as Schneider '700. [DE 245-1 at 16.] The explanation that follows identifies for each limitation of Claim 1 the precise language

6

from Schneider '700 that Sturges believes teaches the limitation. [*Id*.] It is true that Sturges doesn't amplify every one of his claim comparisons with additional discussion, but IDS doesn't demonstrate that his attempt to explain his anticipation analysis is not merely brief as opposed to entirely conclusory. Conclusory would be if Sturges merely asserted that each limitation of Claim 7 is taught by Schneider '700, without more. Sturges offers more detailed explanation of his obviousness conclusions. For example, his treatment of Claim 7 includes identification of references to specific elements of the relevant prior art and a brief discussion of the motivation to combine those elements to achieve what IDS's patent claims. [DE 245-1 at 71.] At trial, IDS may attack Sturges's conclusions as weak but that goes to weight of the evidence rather than to its admissibility.

In a case relied on by IDS, the Seventh Circuit reminds me that "[d]istrict judges have 'considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable.'" *Manpower, Inc. v. Ins. Co. of Pennsylvania*, 723 F.3d 796, 806 (7th Cir. 2013). Reliability, the Court of Appeals explains, "is primarily a question of the validity of the methodology employed by an expert, not the quality of the data used in applying the methodology or the conclusions produced." *Id*. IDS does not suggest that Sturges fails to understand the doctrines of anticipation or obviousness, and does not challenge the pertinence of Sturges's comparison of the elements of Patent '385 claims with those of prior art. IDS just complains that Sturges's explanation of the analysis of his comparisons is inadequate. Sturges has identified the

7

comparisons he makes and offered explanatory detail where he believed the basis for his conclusion is not self-evident. But he has not merely offered conclusions. District courts are warned against scrutinizing the reliability of an expert's conclusions if he has used reliable methods. *Stollings v. Ryobi Technologies, Inc.*, 725 F.3d 753, 765 (7th Cir. 2013). I am not persuaded that Sturges's report and testimony must be excluded for being too conclusory.

## Determinative Legal Conclusions

IDS next contends that Sturges's opinions on obviousness are inadmissible because they "state legal conclusions that, if adopted, would determine the outcome of the case." [DE 245 at 15-16.] IDS cites no case applying this principle to an expert addressing the doctrine of patent obviousness. It's true that the ultimate conclusion of obviousness is a question of law, with underlying factual issues as identified in *Graham*. *Intel Corp. v. Qualcomm Inc.*, Nos. 2020-2092, 2020-2093, 2022 WL 880681, at *3 (Fed.Cir. 2022). But the Federal Circuit has expressly discussed the helpfulness of an expert's opinion on the legal conclusion of obviousness "as relevant to the factual aspects of the analysis leading to that legal conclusion." *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1313-14 (Fed.Cir. 2013). *See also Soverain Software LLC v. Newegg Inc.*, 705 F.3d 1333, 1341 (Fed. Cir. 2013). IDS has not urged this argument again in its reply, and appears to have waived it. *Golden IT, LLC v. United States*, ___ Fed.Cl. ___, 2022 WL 334369, at *12 (Ct.Cl. Feb. 4, 2022); *Pack v. Middlebury Community Schools*, 990 F.3d 1013, 1021 (7th Cir. 2021).

**Expert Compensation**

In support of its motion, IDS initially asserted that Sturges's Invalidity Report fails to comply with the requirement of Rule 26(a)(2)(B)(vi) to include a "statement of the compensation to be paid for the study and testimony in the case." [DE 245 at 16.] In opposition, Days points out that in his separate Expert Report of Noninfringement Sturges discloses that he is "being compensated for all work in this matter at $450/hour." [DE 253 at 19, quoting 253-3 at 3.] IDS's reply contains no further reference to the matter, which I need not address further.

**Harmlessness of any Failure to Comply with Rule 26 Disclosure Requirements**

I have already concluded that Sturges's Invalidity Report is not defectively conclusory. And IDS has conducted a full-day deposition of Dr. Sturges and availed itself of the opportunity to explore his invalidity positions in greater detail. [DE 253 at 10.] Although deposition testimony should not be relied upon to remedy shortcomings of an expert report, it can obviously be used to adduce a fuller understanding of an expert's analysis, as appears to have happened in this case. And here, where I am not convinced that the report failed to comply with Rule 26, Sturges's deposition testimony should doubly eliminate any significant surprise in his trial testimony. Days readily agrees that Sturges will not "provide any previously undisclosed reasoning for the first time at trial." [DE 253 at 20.]

## Conclusion

IDS has offered no persuasive basis for the exclusion of the report and testimony of Days' expert Dr. Robert Sturges. I agree with the Federal Circuit when it observed (albeit in a summary judgment context) that "the refining fire of cross examination" is "a more effective means of arriving at the legal conclusion of obviousness vel non than perusal of ex parte affidavits and declarations of partisan experts lobbed at each other from opposing trenches." *Hodosh v. Block Drug Co.*, 786 F.2d 1136, 1143 (Fed.Cir. 1986). The same can be said of the fact question posed by an anticipation defense. The parties in this litigation have fired various artillery at one another from their respective trenches for more than five years now. If the matter cannot be settled, it is time for their positions to be tested at trial.

ACCORDINGLY:

Innovative Design Solutions, Inc.'s Motion to Prohibit Dr. Sturges from Testifying as to Anticipation or Obviousness of the Asserted Claims [DE 245] is DENIED.

SO ORDERED this 27th day of April, 2022.

/s/ Philip P. Simon
**United States District Judge**
